**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 5, 2017[*]
Decided July 6, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1235

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CR-30120-SMY |
| MICHAEL JACKSON III, *Defendant-Appellant.* | Staci M. Yandle, *Judge.* |

**O R D E R**

A jury found Michael Jackson III guilty of two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and of using a firearm during one of those robberies, *id.* § 924(c). Jackson was sentenced to a total of 148 months' imprisonment. For the first time on appeal, Jackson argues that his § 924(c) conviction is invalid because, he says, the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

underlying Hobbs Act robbery is not a crime of violence. Because Jackson's argument is foreclosed by our precedent, we affirm the judgment.

Under 18 U.S.C. § 924(c)(1)(A)(ii), a defendant who brandishes a firearm during a crime of violence is subject to a minimum seven-year sentence, imposed consecutively to the sentence for the underlying violent crime. The statute defines a "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). In *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), we declared the portion of that definition found in subparagraph (B) to be invalid in light of *Johnson v. United States*, 135 S. Ct. 2551, 2556–57 (2015). But the "elements clause" in subsection (A) still stands, and a conviction under § 924(c) may be upheld if based on that subsection. *Cardena*, 842 F.3d at 996.

At trial Jackson's attorney agreed to jury instructions acknowledging that Hobbs Act robbery is a crime of violence under § 924(c)(3). Jackson nevertheless insists that in the interests of justice, he should be allowed to challenge his § 924(c) conviction because if Hobbs Act robbery is not a crime of violence, then he is innocent of the § 924(c) offense. He argues that Hobbs Act robbery can be committed with a level and kind of force that falls short of the violent force "capable of causing physical pain or injury to another person" required by § 924(c). *See Johnson v. United States*, 559 U.S. 133, 139–41 (2010). Pointing to the language in the Hobbs Act that prohibits unlawfully taking property from another "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. 1951(b)(1), Jackson argues that the statute distinguishes between actual force, threatened force, violence, and fear of injury. This contention amounts to an argument that the Hobbs Act is a divisible statute that criminalizes different ways of taking property, not all of which satisfy § 924(c)'s definition of violent force. *See Mathis v. United States*, 136 S. Ct. 2243, 2251–54 (2016).

Jackson's argument most likely is waived, *see United States v. Bey*, 725 F.3d 643, 646 (7th Cir. 2013), but regardless, it is meritless. We recently held that Hobbs Act robbery is a crime of violence under § 924(c) because commission of the offense "*necessarily* requires using or threatening force." *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (emphasis added), *petition for cert. filed* (U.S. May 31, 2017) (No. 16-9411). Jackson attempts to distinguish *Anglin* by characterizing that decision as having to do only with the Hobbs Act's "fear of injury" prong. But in *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017), we clarified that Hobbs Act robbery is a crime of violence under § 924(c)

regardless of whether the offense is committed by actual force, threatened force, violence, or fear of injury. *See id.* (explaining that "one cannot commit Hobbs Act robbery without using or threatening force").

AFFIRMED.