In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1322

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RAMON E. RIVERA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 15–CR–51 — **J.P. Stadtmueller**, *Judge.*

ARGUED OCTOBER 28, 2016 — DECIDED FEBRUARY 3, 2017

Before RIPPLE, KANNE, and ROVNER, *Circuit Judges.*

KANNE, *Circuit Judge.* On December 23, 2014, Rivera and three others robbed a Milwaukee bar called the Brew City Tap. They all wore masks; and three of them were armed, two with BB guns and one with a .40-caliber handgun. They left with $857.25.

Four days later, they robbed the Sky Zone Indoor Trampoline Park. This robbery was more successful than the prior one, netting them over $12,000.

Nearly fifty businesses throughout the Milwaukee area suffered similar armed robberies between October 2013 and January 2015. Although various cooperating witnesses implicated Rivera in thirty of those robberies, the government sought a reckoning for only five of them. To that end, the government charged Rivera with five counts of Hobbs Act robbery under 18 U.S.C. §§ 1951(a) and 2. The government also took the position that Hobbs Act robbery constitutes a "crime of violence" as defined under 18 U.S.C. § 924(c)(3). So in addition to the five Hobbs Act robbery counts, the government tacked on five counts of brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. §§ 924(c) and 2. Rivera agreed to plead guilty to two of the crime-of-violence counts in exchange for the government dropping the other charges. Judge Stadtmueller accepted Rivera's guilty plea on November 12, 2015.

On February 4, 2016, Judge Stadtmueller sentenced Rivera to the mandatory minimum of thirty-two years' imprisonment.[1] He also imposed a five-year term of supervised release, which he said he was "obliged" to do. (R. 196 at 24.)

Rivera timely appealed his convictions and sentence, raising two issues: (1) whether Hobbs Act robbery qualifies

---

[1] The first crime-of-violence conviction carried a mandatory minimum sentence of seven years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii). The second one carried a mandatory minimum sentence of twenty-five years' imprisonment. 18 U.S.C. § 924(c)(1)(C)(i).

as a "crime of violence" under § 924(c); and (2) whether Judge Stadtmueller committed procedural error by saying he was "obliged" to impose a five-year supervised-release term.

With respect to the first issue, we have recently decided that Hobbs Act robbery indeed qualifies as a "crime of violence" under § 924(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Anglin*, No. 15-3625, 2017 WL 359666, at \*6–7 (7th Cir. Jan. 25, 2017) (quoting 18 U.S.C. § 924(c)(3)(A)). The Hobbs Act defines robbery in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction. *Anglin*, 2017 WL 359666, at \*7.

We have little to add to the analysis in *Anglin*, except to address one additional argument. Rivera contends that the Supreme Court's recent decision in *Mathis v. United States* undermines the notion that physical force is an "element" of Hobbs Act robbery. 136 S. Ct. 2243 (2016). In *Mathis*, the Court explained that "[e]lements are the constituent parts of a crime's legal definition," or the things upon which a jury must agree to convict. *Id*. at 2248 (internal quotation marks omitted). "Means," on the other hand, "spell[] out various factual ways of committing some component of the offense," and a jury need not agree on which way the defendant committed the offense to convict him. *Id*. at 2249. Rivera as-

serts that Hobbs Act robbery has three elements—(1) taking property (2) from another (3) against his will—and several means by which to commit the "against his will" element, including force, violence, and threatening injury. For example, he contends that a jury could convict him of Hobbs Act robbery even if one juror found that he committed robbery through violence while another found that he committed robbery by threatening injury. Under this reading of the statute, Hobbs Act robbery does not have physical force *as an element* and thus is not a crime of violence under the force clause.

But Rivera takes the Supreme Court's discussion of means and elements out of context. Contrary to Rivera's belief, the Court did not distinguish between means and elements to dictate which parts of a statute matter in a predicate-offense analysis. The Court instead made this distinction to explain when it is appropriate to use the categorical approach versus a "modified" categorical approach—an issue that is irrelevant here. *Mathis*, 136 S. Ct. at 2249.

Even if Rivera's application of *Mathis* is correct, his argument still fails. The distinction between means and elements would matter only if one of the ways to commit Hobbs Act robbery, say, putting another in fear of injury, did not involve force, so that a juror could find a defendant guilty irrespective of whether he used force to commit the crime. But as noted above, one cannot commit Hobbs Act robbery without using or threatening force. *Anglin*, 2017 WL 359666, at *7. Because each of the means by which to satisfy the "against his will" element requires physical force, the "against his will" element itself requires physical force.

We now turn to the second issue on appeal regarding Rivera's supervised-release term. Rivera's § 924(c) convictions carry a maximum five-year term of supervised release following imprisonment. *See* 18 U.S.C. § 3583(b)(1). The government concedes that this term is not mandatory. Nevertheless, at sentencing, Judge Stadtmueller said he was "obliged" to impose a five-year term. (R. 196 at 24.) Rivera argues that this statement suggests that the judge erroneously believed that the law required a five-year term, so we should remand for resentencing.

We review *de novo* whether a district court committed procedural error when sentencing a defendant. *United States v. Dorsey*, 829 F.3d 831, 836 (7th Cir. 2016). In *United States v. Lyons*, we vacated a sentence that included a five-year supervised-release term because the district judge clearly thought that term was mandatory, when, like here, it wasn't. 733 F.3d 777, 784 (7th Cir. 2013). This was evident by the fact that the judge noted that the defendant would "have to serve five years of mandatory supervised release" at the sentencing hearing, referred to the term as "5 years Mandatory Supervised Release" in her judgment, and indicated that the "mandatory minimum sentence was imposed" in her statement of reasons. *Id*. at 781. We held that her misunderstanding constituted a "manifest procedural error." *Id*. at 784.

But that's not the case here. Although Judge Stadtmueller said he was "obliged" to impose a five-year term, this does not necessarily mean that he thought the term was mandatory. To be sure, the word "obliged" does connote a legal obligation; but it also encompasses a moral duty. *See Black's Law Dictionary* 1106 (8th ed. 2004) (defining "oblige" as "[t]o bind by legal or moral duty"); *Webster's Third New International*

*Dictionary*, 1556 (1986) (defining "oblige" as "[t]o constrain (as another or oneself) by physical, moral, or legal force"). If Judge Stadtmueller thought he was legally required to impose a five-year term, then he committed procedural error; but if he felt morally bound to impose this term based on the sentencing factors he considered, then there was no error.

The record indicates that Judge Stadtmueller used the word "obliged" in the latter way. For instance, at the change-of-plea hearing, Judge Stadtmueller referenced paragraph six of the plea agreement, which explained that Rivera faced a *maximum* five-year term of supervised release. (R. 195 at 9); (R. 117 at ¶ 6.) Judge Stadtmueller instructed Rivera to summarize this paragraph to ensure that Rivera fully understood the maximum possible sentence. (R. 195 at 9–10.)

Moreover, the presentence investigation report prohibited imposing a supervised-release term exceeding five years, and cited U.S.S.G. § 5D1.2(a)(1), which recommends a two- to five-year term. (R. 175 at ¶¶ 138–39.) Judge Stadtmueller relied on this report at sentencing, saying that Rivera's prison term would be "followed by a term of supervised release of 2 to 5 years." (R. 196 at 5.)

Finally, Judge Stadtmueller's statement of reasons noted that the supervised-release range is "[a]t least 2 years but not more than 5 years." (R. 184 at 1.) All of this shows that Judge Stadtmueller understood that a five-year term was not mandatory, but he felt obliged—in a moral sense—to impose this term nonetheless.

In *United States v. Dill*, we addressed a similar challenge to Judge Stadtmueller's use of the word "obliged" when imposing a sentence. 799 F.3d 821, 825–26 (7th Cir. 2015). Alt-

hough we noted that "obliged" is an ambiguous word, we recognized the dichotomy between the legal and moral understanding of the word. Specifically, we acknowledged that "[a] judge pronouncing [a] sentence often explains to a defendant how the defendant has earned the sentence by his own choices, which have forced the judge to impose a just punishment." *Id*. We upheld the sentence, holding that Judge Stadtmueller did not mean "obliged" in the word's legal sense.

Judge Stadtmueller could have—and probably should have—used less ambiguous language when sentencing Rivera. That said, the record demonstrates that Judge Stadtmueller used the word "obliged" in the moral sense—not the legal one. And our holding in *Dill* corroborates this conclusion. We thus hold that there was no procedural error.

For these reasons, we AFFIRM the district court's judgment.