RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0201p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DESMOND CAMP,

*Defendant-Appellant*.

No. 17-1879

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:15-cr-20744-1—John Corbett O'Meara, District Judge.

Decided and Filed:  September 7, 2018

Before:  CLAY, STRANCH, and LARSEN, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  Kenneth P. Tableman, KENNETH P. TABLEMAN, P.C., Grand Rapids, Michigan, for Appellant.  Shane Cralle, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

JANE B. STRANCH, Circuit Judge.  Desmond Camp pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); using a firearm during a crime of violence, in violation of 18 U.S.C § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He now appeals his conviction and sentence, arguing that Hobbs Act robbery is not a crime of violence and therefore cannot serve as a predicate for his § 924(c) conviction or his

career offender classification. For the following reasons, we **AFFIRM** Camp's conviction, **VACATE** his sentence, and **REMAND** for resentencing.

## I. BACKGROUND

In November 2015, Desmond Camp robbed a dollar store at gunpoint. He was arrested and charged by indictment with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); using a firearm during a crime of violence, in violation of 18 U.S.C § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Camp pled guilty on all counts.

Pursuant to 18 U.S.C. § 924(c)(1)(C)(i), Camp faced a 25-year mandatory minimum prison sentence on the § 924(c) count because he had a prior conviction for the same offense. The district court also determined that Camp was a career offender under the United States Sentencing Guidelines (USSG), finding that Camp's instant Hobbs Act robbery conviction was a crime of violence and that his two prior convictions—a 2003 federal bank robbery conviction and a 1990 Michigan armed robbery conviction—were both crimes of violence. Camp received a 372-month prison sentence—the 25-year mandatory minimum on the § 924(c) count and 72 months on the robbery and felon in possession counts, to run consecutively.

Camp appeals his conviction and sentence, arguing that Hobbs Act robbery is not a crime of violence and therefore cannot serve as a predicate for his § 924(c) conviction or his career offender classification.

## II. ANALYSIS

Whether an offense qualifies as a crime of violence under § 924(c) or under the Guidelines is a legal question that this court reviews de novo. *See United States v. Rafidi*, 829 F.3d 437, 443 (6th Cir. 2016) (§ 924(c)); *United States v. Cooper*, 739 F.3d 873, 877 (6th Cir. 2014) (Guidelines). The Government acknowledges that Camp preserved his Guidelines challenge but argues that Camp waived his right to challenge his § 924(c) conviction by pleading

guilty. Because Camp's § 924(c) argument fails on the merits, we need not resolve this question.[1]

### A. Whether Hobbs Act Robbery Is a Crime of Violence Under § 924(c)

Camp argues that Hobbs Act robbery is not a crime of violence under 18 U.S.C § 924(c). He acknowledges, however, that binding precedent forecloses his argument. In *United States v. Gooch*, we held that Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause. 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, 137 S. Ct. 2230 (2017). We explained that the Hobbs Act is divisible into Hobbs Act robbery and Hobbs Act extortion offenses, that a Hobbs Act robbery conviction "requires a finding of actual or threatened force, or violence, or fear of injury, immediate or future," to person or property, and therefore "clearly has as an element the use, attempted use, or threatened use of physical force against the person or property of another as necessary to constitute a crime of violence under § 924(c)(3)(A)." *Id.* at 291–92 (citation and internal quotation marks omitted).

Camp concedes that he was convicted of Hobbs Act robbery, rather than Hobbs Act extortion. Under *Gooch*, Camp's Hobbs Act robbery conviction qualifies as a crime of violence under § 924(c), and his argument to the contrary is foreclosed.[2] "This panel may not overrule the decision of another panel; the earlier determination is binding authority unless a decision of the United States Supreme Court mandates modification or this Court sitting en banc overrules the prior decision." *United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000).

---

[1]Camp's plea agreement included a broad appellate waiver. Due to significant confusion at the plea and sentencing hearings, the Government has decided not to enforce the waiver. Because "plea-agreement waivers are not jurisdictional," we are "not required to consider [them] sua sponte and decline to do so." *Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012).

[2]Because we conclude that Hobbs Act robbery is a crime of violence under the elements clause, we need not address Camp's argument, relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), that § 924(c)'s residual clause is unconstitutionally vague.

**B. Whether Hobbs Act Robbery Is a Crime of Violence Under the Guidelines**

Our holding in *Gooch* does not determine whether Hobbs Act robbery is a crime of violence under the career offender guideline, however, because 18 U.S.C. § 924(c)(3) and USSG § 4B1.2 define "crime of violence" differently.

Under the Sentencing Guidelines, a defendant is a career offender, and therefore subject to a higher guideline range, if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). The 2016 version of the Guidelines, which applies to Camp, defines crime of violence as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a). Subsection (1) is known as the use-of-force or elements clause, and subsection (2) is known as the enumerated offense clause. The 2016 Guidelines, unlike prior versions, do not contain a residual clause.

Although both 18 U.S.C. § 924(c) and USSG § 4B1.1(a) have a use-of-force clause, the Guidelines' force clause is limited to force against *the person*, while § 924(c) covers force against person *or property*. *See* 18 U.S.C. § 924(c)(3)(A); USSG § 4B1.2(a)(1). We must determine, then, whether Hobbs Act robbery is a crime of violence under the Guidelines.

The Hobbs Act provides that:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  Robbery is in turn defined as:

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

Many courts of appeals have held that Hobbs Act robbery is a crime of violence under § 924(c).  *See Gooch*, 850 F.3d at 292 (collecting cases and "join[ing] our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence [under § 924(c)]").  The only circuit to have squarely addressed whether Hobbs Act robbery categorically qualifies as a crime of violence under the Guidelines, however, held that it was not.  *See United States v. O'Connor*, 874 F.3d 1147, 1158–59 (10th Cir. 2017).  The Tenth Circuit, applying the same version of the Guidelines that applies to Camp, determined that the minimum conduct necessary for a Hobbs Act robbery conviction is broader than the enumerated offenses of robbery and extortion and therefore concluded that Hobbs Act robbery is not a crime of violence under the enumerated offense clause.  *Id*. at 1153–58.  The court further held that Hobbs Act robbery does not have as an element the use or threatened use of force against the *person*, as is required under the Guidelines' use-of-force clause.  *Id*. at 1158.

1. Categorical Approach

As an initial matter, we must determine whether the categorical approach applies. We typically use the categorical approach to analyze whether a conviction qualifies as a crime of violence under the Guidelines, "meaning that we look at the statutory definition of the crime of

conviction, not the facts underlying that conviction, to determine the nature of the crime." *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017) (quoting *United States v. Ford*, 560 F.3d 420, 422 (6th Cir. 2009)). Under the categorical approach, courts must "assume that [the defendant's] conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts would qualify as a crime of violence under the guidelines." *Id.* (brackets, citations, and internal quotation marks omitted).

The Government argues that we need not apply the categorical approach in this case because the offense in question is the instant offense of conviction, rather than a prior offense. A few circuits have adopted this approach. *See, e.g.*, *United States v. Williams*, 690 F.3d 1056, 1069 (8th Cir. 2012); *United States v. Riggans*, 254 F.3d 1200, 1204 (10th Cir. 2001); *see also United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 215 (2017). Other courts apply the categorical approach to both instant and prior convictions. *See, e.g.*, *United States v. Hill*, 890 F.3d 51, 55–56 (2d Cir. 2018); *United States v. Stoker*, 706 F.3d 643, 647–49 (5th Cir. 2013); *United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006); *United States v. Johnson*, 953 F.2d 110, 113–14 (4th Cir. 1991).

In the past, we have applied the categorical approach to instant offenses, including Hobbs Act robbery in *Gooch*, albeit without directly analyzing the issue. *See* 850 F.3d at 290 (citing *Rafidi*, 829 F.3d at 444). The Guidelines support this approach, suggesting that the crime of violence analysis is the same whether the offense in question is federal or state, instant or prior:

> Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance for the purposes of § 4B1.1 (Career Offender), the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.

USSG § 4B1.2, comment. (n.2). Tellingly, this explanation that the offense of conviction, rather than the particular facts of the case, is the "focus of inquiry" does not distinguish between instant and prior offenses. *Id.*; *see also* Reason for Amendment, USSG Supp. to App. C, Amend. 798 at 129 (2016) [hereinafter Reason for Amendment 798] (instructing, without differentiating between instant and prior convictions, that courts applying the enumerated offense clause

"compare the elements of the predicate offense of conviction with the elements of the enumerated offense in its generic, contemporary definition" (internal quotation marks omitted)).

Under our caselaw and the guidance provided by the Guidelines Manual itself, we are to apply the categorical approach as set out and repeatedly reaffirmed by the Supreme Court. *See, e.g.*, *Mathis v. United States*, 136 S. Ct. 2243, 2248–53 (2016); *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2562 (2015); *Descamps v. United States*, 570 U.S. 254, 257–58 (2013); *Taylor v. United States*, 495 U.S. 575, 600–02 (1990). We therefore hold that the categorical approach applies to both prior and instant offenses, including Camp's Hobbs Act robbery conviction.

### 2. Use-of-Force Clause

We look first to whether Hobbs Act robbery categorically qualifies as a crime of violence under the Guidelines' use-of-force clause. An offense is a crime of violence under that clause if it has as an element the "use, attempted use, or threatened use of physical force against the *person* of another." USSG § 4B1.2(a)(1) (emphasis added). The plain text of the Hobbs Act criminalizes robbery accomplished by using or threatening force against "person *or property*." 18 U.S.C. § 1951(b)(1) (emphasis added). Though this may be sufficient under § 924(c), it is not under the Guidelines. *See* USSG § 4B1.2(a)(1); *O'Connor*, 874 F.3d at 1158; *see also Higdon v. United States*, 882 F.3d 605, 606–07 (6th Cir. 2018) (holding that an offense requiring "an application of force to an occupied structure, but not to the occupants themselves" is not a crime of violence under the Armed Career Criminal Act's use-of-force clause). Given their definitional differences, "[t]here is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. 4B1.2(a)(1), which is limited to force against a person." *O'Connor*, 874 F.3d at 1158. Hobbs Act robbery is not a crime of violence under the Guidelines' use-of-force clause.

### 3. Enumerated Offense Clause

We turn next to the enumerated offense clause. USSG § 4B1.2(a)(2) lists two enumerated offenses that could be a categorical match: robbery and extortion. We consider each in turn.

### a. Robbery

When the Guidelines do not clearly define a listed enumerated offense, we compare the elements of the offense in question with the elements of the "generic" enumerated offense to determine whether the two are a categorical match. *See Descamps*, 570 U.S. at 257. The offense qualifies as a predicate crime of violence "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* The Government contends that this "generic" analysis is unnecessary here because the Sentencing Commission's intent with respect to robbery is clear. According to the Government, because the commentary to USSG § 2B3.1 ("Robbery") includes a cross-reference to 18 U.S.C. § 1951 (the Hobbs Act), the Commission intended to include Hobbs Act robbery when it listed robbery as an enumerated offense in USSG § 4B1.2(a)(2).

The Government is correct that we need not look outside the Guidelines to the generic definition of an enumerated offense when Congress or the Commission itself clearly provides a definition. *See O'Connor*, 874 F.3d at 1156; *United States v. Sanbria-Bueno*, 549 F. App'x 434, 438–39 (6th Cir. 2013); *United States v. Rodriguez-Escareno*, 700 F.3d 751, 754 (5th Cir. 2012) (finding it unnecessary to "search outside the Guidelines for a definition of 'conspiracy'" because the Guidelines commentary included "a clear statement by the Sentencing Commission that the enhancement applies to conspiracies to commit federal drug trafficking offenses" (footnote omitted)). In these cases, however, the clarifying definition is found within the guideline at issue or its commentary. Here, the Government seeks to have us look to a cross-reference in the commentary of a separate guideline in a different, unrelated section of the Guidelines Manual. Under these circumstances, we cannot agree that "the Commission's intent is clear." *Sanbria-Bueno*, 549 F. App'x at 438; *see also* Reason for Amendment 798 at 129 (instructing courts to "compare the elements of the predicate offense of conviction with the elements of the enumerated offense in its generic, contemporary definition" (internal quotation marks omitted)); *id.* at 130 (noting that Amendment 798 adds definitions for forcible sex offense and extortion, but "continues to rely on existing case law for purposes of defining the remaining enumerated offenses"). Without a clear definition from Congress or the Commission, we compare Hobbs Act robbery to the generic definition of robbery.

Generic robbery is defined as the "misappropriation of property under circumstances involving immediate danger to the person." *Yates*, 866 F.3d at 734 (citation omitted). The precise meaning of "immediate danger" is unclear. The majority of jurisdictions require that property be taken "by means of force or putting in fear," while the Model Penal Code and a minority of jurisdictions reference bodily injury, violence, or physical harm. *Id.* at 733 (citation omitted). Without endorsing either approach, we have noted that the difference between the two definitions is slight: "[T]he bodily injury approach focuses on the realization of the immediate danger rather than the means by which the immediate danger is created, but they are two sides of the same coin. . . . [R]obbery requires that the taking be done by means of *violence* or intimidation." *Id.* (citations omitted).

We need not adopt one position or the other to resolve the issue before us. This case turns not on the difference between injury and apprehension, but on the requirement that the danger be both immediate and to a person. *Id.* at 733–34. For example, in *O'Connor*, the Tenth Circuit agreed with the majority view that "robbery requires property to be taken from a person under circumstances involving danger or threat of potential injury *to the person*" and held that "generic robbery encompasses a threat to a person but not to property alone." 874 F.3d at 1155. The Ninth Circuit came to a similar conclusion when it analyzed whether California robbery was a crime of violence under USSG § 2L1.2. *See United States v. Becerril-Lopez*, 541 F.3d 881, 890–92 (9th Cir. 2008). Recognizing that "most modern statutes limit robbery to force or threats against a person," the court held that, because California robbery encompassed "mere threats to property," it was not "categorically 'robbery' as used in the Guideline." *Id.* at 891 (citation omitted); *see also United States v. Edling*, 895 F.3d 1153, 1156–57 (9th Cir. 2018) (holding that Nevada robbery is not a categorical match with generic robbery because it allows "a conviction to rest on fear of injury to property alone"). The Fifth Circuit reached the opposite conclusion. *See United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008) (concluding that "even when the [California robbery] statute is violated by placing the victim in fear of injury to property, the property has been misappropriated in circumstances involving immediate danger to the person" because "that danger is inherent in the criminal act" (brackets, citations, and internal quotation marks omitted)). However, when it considered Nevada's robbery statute—which, like the Hobbs Act, criminalizes robbery achieved by fear of future injury to property—the Fifth

Circuit held that the statute's lack of an immediacy requirement rendered it "broader than the generic, contemporary definition of robbery." *United States v. Montiel-Cortes*, 849 F.3d 221, 228 (5th Cir. 2017), *cert. denied*, 137 S. Ct. 2251 (2017).

We agree with the Tenth Circuit that Hobbs Act robbery reaches conduct that falls outside of generic robbery. At a minimum, the lack of an immediacy requirement renders the statute broader than generic robbery, *see Montiel-Cortes*, 849 F.3d at 228, and the Government concedes as much. We also find persuasive the Ninth and Tenth Circuits' conclusion that threats to property alone—whether immediate or future—do not necessarily create a danger to the *person*. *See Edling*, 895 F.3d at 1156–57; *O'Connor*, 874 F.3d at 1155; *Becerril-Lopez*, 541 F.3d at 890–91. Because the statute plainly criminalizes the "misappropriation of property under circumstances" that do *not* involve "immediate danger to the person," we join the Tenth Circuit in holding that Hobbs Act robbery is broader than, and therefore not a categorical match with, generic robbery. *Yates*, 866 F.3d at 734 (citation omitted); *see also O'Connor*, 874 F.3d at 1154 ("Hobbs Act robbery reaches conduct directed at 'property' because the statute specifically says so. We cannot ignore the statutory text and construct a narrower statute than the plain language supports." (citation omitted)); *United States v. Lara*, 590 F. App'x 574, 584 (6th Cir. 2014) (concluding that the court does "not need to abandon the plain meaning of the statute" and, where the meaning of the statute is "plain," the defendant need not provide a case to demonstrate a realistic probability that the statute is broader than the generic offense).

This conclusion, however, does not end our analysis; we must next determine whether Hobbs Act robbery is a categorical match with the enumerated offense of extortion.

### b. Extortion

We first must define extortion. The Supreme Court defines generic extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003) (citation omitted); *see also United States v. Nardello*, 393 U.S. 286, 290, 296 (1969). Courts have generally interpreted "wrongful use of force, fear, or threats" to include threats against property and wrongful threats to reputation. *See, e.g.*, *Nardello*, 393 U.S. at 295–96 (holding

that extortion encompassed threats to expose sexual orientation); *United States v. Castillo*, 811 F.3d 342, 346–47 (10th Cir. 2015) (noting that, pursuant to the majority view, "the unlawful taking of property of another by threats to property falls within the definition of extortion"). Thus, even if a robbery statute is broader than generic robbery, it may be a categorical match with generic extortion. *See Montiel-Cortes*, 849 F.3d at 229; *Castillo*, 811 F.3d at 347; *Becerril-Lopez*, 541 F.3d at 891–92.

The career offender guideline has, however, recently been amended to include a definition of extortion. *See* USSG § 4B1.2, comment. (n.1). We look to that definition rather than a generic definition. *See Sanbria-Bueno*, 549 F. App'x at 438–39; *see also O'Connor*, 874 F.3d at 1156 ("We need not derive a generic definition of extortion because the Guidelines provide the applicable definition in Amendment 798."). The Guidelines define extortion as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." USSG § 4B1.2, comment. (n.1). The Sentencing Commission has explained what it intended to accomplish by changing the definition:

> Consistent with the Commission's goal of focusing the career offender and related enhancements on the most dangerous offenders, the amendment narrows the generic definition of extortion by limiting the offense to those having an element of force or an element of fear or threats "of physical injury," as opposed to non-violent threats such as injury to reputation.

Reason for Amendment 798 at 131. The Commission did not add an immediacy requirement, so future threats can still constitute extortion under the Guidelines definition. The Commission did not define "force" or "physical injury," so while the amendment was clearly intended to narrow the generic definition by excluding reputational threats, it is less obvious whether force against or threats to property are still included.

Although reasonable arguments in support of both interpretations exist, we agree with the Ninth Circuit that the "most natural reading of the text of the definition, particularly its reference to 'physical injury,'" is that it requires that the "wrongful use of force, fear, or threats be directed against the person of another, not property." *Edling*, 895 F.3d at 1157. The term "physical injury" typically means "bodily injury," which in turn is defined as "[p]hysical damage to a

person's body." Injury, *Black's Law Dictionary* (10th ed. 2014). The Guidelines' use of the phrase lends support to this interpretation. The Guidelines do not use "physical injury" to mean injury to property; instead, they refer to property "damage" or "destruction." *See, e.g.*, USSG § 2C1.1(c)(3) (providing a sentencing enhancement if the offense involved "a threat of physical injury *or* property destruction" (emphasis added)). Although they use "bodily injury" more frequently, the Guidelines do use "physical injury" to mean bodily injury. *See, e.g.*, *id.*; *id.* § 5K2.2, p.s. ("Physical Injury") (providing an enhancement when "significant physical injury" results and tying the enhancement to the degree of injury suffered by the "victim"). Additionally, the Commission's stated goal of focusing career offender enhancements on the "most dangerous offenders"—both by narrowing the definition of extortion and by removing burglary as an enumerated offense, in part because burglaries "rarely result in physical violence"—further supports an interpretation that the new extortion definition excludes injury to property. Reason for Amendment 798 at 129–31.

The Government's counterarguments do not overcome these textual clues. It is true that generic extortion and most state extortion statutes include threats to property. *See Castillo*, 811 F.3d at 346–47. Some extortion statutes were originally enacted to "fill gaps left by robbery statutes" and "to provide a remedy for victims whose property was misappropriated by threats to property or reputation." *O'Connor*, 874 F.3d at 1157. But in explaining the new definition, the Commission departed from that historical practice by expressly excluding "non-violent threats such as injury to reputation." Reason for Amendment 798 at 131. That the Commission did not mention threats to property might suggest that it did not intend to exclude them. *See United States v. Johnson*, No. 3:16-CV-01067-JO-1, 2017 WL 4082823, at *3 (D. Or. Sept. 15, 2017); *see also O'Connor*, 874 F.3d at 1157 (noting that, in some other provisions, "the Commission has limited the scope of injury to a person . . . by saying so explicitly"). But the phrase "such as" might also imply that the Commission intended to exclude other types of "non-violent threats." In that case, the lack of an explicit reference to threats to property could suggest an intention to exclude them. *See United States v. Jonas*, No. 3:17-CR-00050-HZ, 2018 WL 1448555, at *8 (D. Or. Mar. 23, 2018) ("If the Sentencing Commission had meant for the new, amended definition of 'extortion' to include threats to property when it referred to 'physical injury,' it would have made its intent clear as it has in other provisions. . . . [By] omitt[ing] an express

reference to property (or other language consistent with such an express reference), [the Commission] meant . . . to exclude threats to property." (citations omitted)).

We therefore hold that Guidelines extortion does not include threats against property and, as a result, Hobbs Act robbery—which plainly does—is not a categorical match with Guidelines extortion. *See O'Connor*, 874 F.3d at 1158; *see also Edling*, 895 F.3d at 1157–58 (holding that Nevada's robbery statute, which is substantially similar to Hobbs Act robbery, is not a categorical match with either generic robbery or Guidelines extortion and is not a crime of violence under the Guidelines).

Because Hobbs Act robbery criminalizes conduct that extends beyond both generic robbery and Guidelines extortion, it is not a crime of violence under the enumerated offense clause.

### III. CONCLUSION

For the above reasons, we join the Tenth Circuit in holding that Hobbs Act robbery is not a crime of violence under the Guidelines. As our binding precedent makes clear, Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause. We therefore **AFFIRM** Camp's conviction, **VACATE** his sentence, and **REMAND** to the district court to resentence Camp in accordance with this opinion.