NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019
Decided July 1, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 18-1953, 18-1972 & 18-2526

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Central District of Illinois. |
| *v.* | Nos. 17-cr-40011-001, 17-cr-40011-002 & 17-40011-003 |
| DEAUNTA TYLER, DALVENT JACKSON and LEDELL TYLER, *Defendants-Appellants.* | Sara Darrow, *Chief Judge.* |

**O R D E R**

A jury found Deaunta Tyler, Dalvent Jackson, and Ledell Tyler, the appellants in this consolidated appeal, each guilty of robbery, 18 U.S.C. § 1951, possession of a firearm in furtherance of robbery, *id*. § 924(c), and possession of a firearm as a felon, *id*. § 922(g). Deaunta[1] and Jackson were sentenced as career offenders under U.S.S.G. § 4B1.1(a) to 330 months' imprisonment and 360 months' imprisonment, respectively, and Ledell received 180 months. The defendants each appealed, but their appointed

---

[1] Because two of the defendants share a last name, we refer to them by their first names.

attorneys have concluded that the appeals are frivolous and move to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Deaunta and Ledell responded in opposition to their attorneys' motions. *See* Cir. R. 51(b). Because the attorneys' briefs appear to be thorough and address the potential issues that we would expect appeals like this to involve, we limit our review to the topics they discuss, along with the issues Deaunta and Ledell wish to raise. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Each counsel first considers whether the defendants could challenge any evidentiary or trial rulings but rightly concludes that any challenges would be frivolous. We would review the rulings for abuse of discretion and reverse only if an error caused harm. *United States v. Phillips*, 745 F.3d 829, 833 (7th Cir. 2014). Here, there were very few evidentiary rulings, and none of them involved the defendants' defense of mistaken identity, which was the only materially contested issue. Therefore, it would be frivolous to argue that any ruling prejudiced the defendants at trial.

Each counsel also assesses, and correctly rejects, a challenge to the sufficiency of the evidence. None of the defendants moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, so we would reverse their convictions only if we found a "manifest miscarriage of justice" under the plain-error standard of review. *See United States v. Rea*, 621 F.3d 595, 601–02 (7th Cir. 2010). And it would be frivolous to argue that the considerable evidence in this case was insufficient for any rational trier of fact to find the essential elements of the offenses beyond a reasonable doubt. *See United States v. Khattab*, 536 F.3d 765, 769 (7th Cir. 2008). The defendants were accused of a home invasion and armed robbery. The government presented evidence of the attempted arrest and ensuing police chase of the defendants hours after the robbery, two eyewitness identifications of each defendant, and the recovery of two guns in the defendants' car at the time of their arrests that matched the victims' descriptions of the guns used to commit the robbery. The evidence also included forensic analysis that identified one of the guns as having been fired in the victims' home, a victim's keys found in the defendants' car at the time of their arrest, and Jackson's fingerprints on both guns.

Next, counsel for each defendant rightly concludes that any challenge to the calculation of their Sentencing Guidelines ranges would be frivolous. Counsel for Deaunta and Jackson determine that the guidelines range of 360 months to life, based on their career-offender designations, was correctly applied to each. *See* U.S.S.G. § 4B1.1(c)(3). A defendant convicted of a crime of violence—here, Hobbs Act robbery— is a career offender if he has at least two prior felony convictions for a crime of violence

or a controlled-substance offense. *Id*. § 4B1.1. Both defendants had qualifying predicate offenses: Deaunta for delivery of a controlled substance and conspiracy to distribute cocaine base, and Jackson for delivery of a controlled substance and Illinois aggravated battery. *See United States v. Lynn*, 851 F.3d 786, 799 (7th Cir. 2017) (Illinois aggravated battery is a "crime of violence" under § 4B1.2(a).).

Deaunta proposes arguing that Hobbs Act robbery is not categorically a "crime of violence" under § 4B1.2 because it can be committed through threats to property, and is thus broader than generic robbery, which requires threats to a person. Although we have not directly addressed whether Hobbs Act robbery is a crime of violence under the guidelines, *see United States v. Camp*, 903 F.3d 594, 604 (6th Cir. 2018), we have held that it qualifies as a "crime of violence" under the elements clause of § 924(c), *see United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). And we have typically interpreted "crime of violence" the same way under the guidelines and § 924(c). *See United States v. Campbell*, 865 F.3d 853, 857 (7th Cir. 2017). But other circuits have recently held that Hobbs Act robbery, though a crime of violence under § 924(c)(3)(A), is not so under the guidelines. *See Camp*, 903 F.3d at 604; *see also United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017). Therefore, the argument, if properly preserved, may not be frivolous[2]; however, both Deaunta and Jackson waived any challenge to their career-offender designations in the district court.

A defendant waives an argument, precluding review, when he intentionally relinquishes, by words or actions, a known right. *See United States v. Seals*, 813 F.3d 1038, 1044–45 (7th Cir. 2016). Both defendants received a revised presentence investigation report that contained their guidelines calculations as career offenders, and their lawyers confirmed that they had reviewed the report with their clients. Deaunta confirmed that the report's addendum accurately stated that there were no remaining objections. Jackson's counsel objected to an obstruction enhancement, but confirmed that, otherwise, the range is "properly calculated." These statements effected a waiver.

---

[2] The same cannot be said of Ledell's proposed argument that Hobbs Act robbery cannot serve as a predicate for a crime-of-violence conviction under § 924(c) because it does not necessarily involve violent force. We held otherwise in *Rivera*. 847 F.3d at 849 ("Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction" because "one cannot commit Hobbs Act robbery without using or threatening physical force.").

*See United States v. Brodie*, 507 F.3d 527, 531 (7th Cir. 2007); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000).

Ledell's counsel also rightly determines that the judge correctly calculated his guidelines range. Counsel observes that he could renew his argument that the judge erred in applying an upward adjustment for the specific offense characteristic of physically restraining a victim during a robbery under U.S.S.G. § 2B3.1(b)(4)(B). Relying on *United States v. Taylor*, 620 F.3d 812, 814–15 (7th Cir. 2010), Ledell had argued that the presentence report impermissibly double-counted physical restraint as both an element of the underlying offense of robbery and a basis to raise the base offense level. But Ledell's counsel conceded that we overruled *Taylor* to the extent it generally condemned double-counting under the guidelines. *See United States v. Cook*, 850 F.3d 328, 334 (7th Cir. 2017). In any case, because Hobbs Act robbery can be committed without physical restraint, there was no double-counting at issue here. *See id*. Moreover, the judge stated that "independent" of the special offense characteristic, a sentence within the same range was appropriate based on the 18 U.S.C. § 3553(a) factors.

Counsel also properly decide against arguing that the defendants' sentences were substantively unreasonable. Deaunta's sentence of 330 months' imprisonment was below the guidelines range of 360 months to life under § 4B1.1(c)(3). Jackson's sentence of 360 months' imprisonment was within that range. And Ledell's total sentence of 180 months was also within his guidelines range of 57 to 71 months (based on a total offense level of 23 and criminal history category of III) and included a statutory minimum of 120 months consecutive to the other counts. *See* 18 U.S.C. § 924(c)(1)(A)(iii). We presume that below-guidelines and within-guidelines sentences are reasonable. *See United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Like counsel, we see nothing in the record to rebut these presumptions as to any defendant.

For each defendant, the district judge weighed the relevant factors under 18 U.S.C. § 3553(a). In Deaunta's case, the judge observed that the robbery was "incredibly serious" with a "lasting" impact on the victims. The judge also examined Deaunta's personal history and characteristics, noting "a long string of uninterrupted criminal activity." The judge further considered his mitigating circumstances—that he has mental health needs, a father in prison, and a mother addicted to drugs. In Jackson's case, the judge described him as the "leader of this operation and in control" and noted that the offense "was about as bad as it gets" in that Jackson "broke into a home with multiple individuals" and "terrorized this family for almost an hour." Yet the judge also

observed that Jackson "grew up in a volatile family dynamic" and has a history of mental-health issues and attempted suicide. Finally, the judge weighed the relevant factors in Ledell's case, noting that he "stormed into" a home full of women and children and that one of the witnesses stated that Ledell "held the gun to her child." The judge also observed that Ledell has "a pattern of non-compliance" with the court's orders. In mitigation, the judge highlighted Ledell's substance abuse and work history.

Next, Jackson's counsel rightly discerns no nonfrivolous argument that the judge erred in denying his pretrial motion to sever his trial under Federal Rule of Criminal Procedure 14. Jackson argued that the jury would infer his "guilt by association" because he was arrested and identified by witnesses while he was with his co-defendants hours after the robbery. Jackson conceded that joinder was proper, so he had the "heavy burden" of showing that there was a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *See United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013). But the purportedly prejudicial evidence of the circumstances of Jackson's arrest and identification link him to the robbery and could be introduced against him even at a separate trial. Moreover, the judge instructed the jury to consider each defendant individually and to analyze the evidence independently as to each of them. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (Limiting instructions "often will suffice to cure any risk of prejudice" caused by joinder.).

Deaunta further opposes his attorney's motion by proposing the argument that his counsel was ineffective at trial by failing to argue that Hobbs Act robbery is not a crime of violence and failing to move for a mistrial. But such claims are best reserved for a collateral proceeding in which he can develop an evidentiary foundation to support them. *See Massaro v. United States*, 538 U.S. 500, 505–06 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Finally, Ledell wishes to argue that the district judge erred by giving the government's proposed jury instruction allowing for co-conspirator liability for the crime of possessing a firearm in furtherance of a crime of violence. *See Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946). He contends that the instruction impermissibly included language about conspiracy, although one was not charged, and did not require the government to prove that he knew that a gun would be used to commit the robbery. But Ledell waived any objection to this instruction: he had advance notice of the government's proposed instructions, and, at the final jury-instructions conference near the end of the trial, the judge read each instruction and asked for any

objections; Ledell, through counsel, affirmatively stated that he had no objection to the pattern *Pinkerton* instruction. *See United States v. Johnson*, 874 F.3d 990, 1000-01 (7th Cir. 2017). And even under plain-error review, we see nothing in the record to suggest that the instructions affected Ledell's substantial rights (who, the evidence strongly suggests, personally possessed a firearm during the robbery). *See id*. at 1001.

Counsel's motions to withdraw are GRANTED, and the appeals are DISMISSED.