**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0698n.06

Case No. 19-4206

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 16, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| RONALD JACKSON, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY, GILMAN, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Ronald Jackson, Jr. robbed a 7-Eleven at gunpoint. He was caught the next day, and the federal government charged him with three crimes: robbery, using and brandishing a firearm during a crime of violence, and possessing a firearm and ammunition as a felon. *See* 18 U.S.C. §§ 1951(a) (robbery), 924(c)(1)(A)(ii) (brandishing), 922(g)(1) (felon in possession). Jackson pled guilty to all three crimes. He now appeals his conviction for the second crime—brandishing a gun during a crime of violence. *See* 18 U.S.C. § 924(c).

Jackson argues for the first time on appeal that robbery does not count as a crime of violence. *See* 18 U.S.C. § 1951 (defining robbery). But we have already held that it does. *See United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017) (holding that robbery as defined by 18 U.S.C. § 1951 qualifies as a crime of violence under 18 U.S.C. § 924(c)); *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (same). Thus, the district court did not err—much less

plainly err—in accepting Jackson's plea and sentencing him based on the robbery constituting a crime of violence. *See* Fed. R. Crim. P. 52(b). And since Jackson does not challenge his convictions or sentence on any other grounds, we affirm.