In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1298

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALFRED E. JERRY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 19-cr-20040 — **Michael M. Mihm**, *Judge.*

ARGUED NOVEMBER 9, 2020 — DECIDED MAY 5, 2021

Before SYKES, *Chief Judge*, and HAMILTON and BRENNAN,
*Circuit Judges*.

BRENNAN, *Circuit Judge*. Alfred Jerry robbed a cellphone
store at gunpoint and then pleaded guilty to Hobbs Act rob-
bery in violation of 18 U.S.C. § 1951. When he committed this
crime, Jerry had previous state convictions for robbery and
attempted murder. At sentencing in this case, the district court
determined that those state convictions, in addition to his
Hobbs Act robbery conviction, meant that Jerry qualified as a

"career offender" under the Sentencing Guidelines. That designation requires that a defendant have committed at least three "crimes of violence" as defined by U.S.S.G. § 4B1.1 & 1.2. While this case was on appeal, this court held in *Bridges v. United States* that Hobbs Act robbery does not qualify as a "crime of violence" under the Guidelines. 991 F.3d 793, 797 (7th Cir. 2021). Because the plain error standard requires courts to look to the law at the time of appeal when deciding if an error is "clear and obvious," *Henderson v. United States*, 568 U.S. 266, 269 (2013), we conclude that it was plain error to sentence Jerry as a career offender, and we remand for resentencing.

## I

On May 2, 2019, Alfred Jerry entered a cellphone store carrying a firearm. He pointed the gun at the two employees and said he would shoot them if they did not follow his instructions. Jerry then demanded access to the store's safe, forced an employee to open it, and took all the cell phones inside. After Jerry left, someone from the store called the police, who apprehended Jerry a short time later.

Jerry was indicted on three charges, including obstruction of commerce by robbery—a Hobbs Act robbery in violation of 18 U.S.C. § 1951. He pleaded guilty to all three charges and his presentence report (PSR) noted that he had prior convictions in Illinois for robbery and attempted murder, both crimes of violence under the Guidelines. Jerry's Hobbs Act robbery conviction was his third crime of violence, so he received a career offender designation under U.S.S.G. § 4B1.1. This enhancement—applied when someone who commits a crime of violence or a controlled substance offense after two prior felony convictions for those crimes—raised his

guidelines range from 130 to 141 months' imprisonment to 292 to 365 months' imprisonment.

At his sentencing hearing, Jerry made several objections to the Guideline calculations, including to the career offender designation. He contended his previous robbery conviction was not a crime of violence, but the district court overruled that objection. Jerry did not object, however, to the classification of the Hobbs Act robbery as a crime of violence. After considering these objections, as well as victim impact statements and mitigation testimony, the district court imposed a total sentence of 264 months' imprisonment.

## II

Jerry appeals his career offender designation. He contends he should be resentenced because Hobbs Act robbery is not a crime of violence under the Guidelines and thus cannot count towards his career offender designation. Because Jerry forfeited this objection in the district court by failing to raise it, we review for plain error. *United States v. Godinez*, 955 F.3d 651, 654 (7th Cir. 2020). To obtain relief under this standard, a defendant must prove "(1) an error or defect (2) that is clear and obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of judicial proceedings." *United States v. Williams*, 949 F.3d 1056, 1066 (7th Cir. 2020); *see* FED. R. CRIM. P. 52(b) ("a plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Jerry satisfies all four requirements of the plain error test.

First, there was an error in Jerry's sentencing. The district court classified Hobbs Act robbery conviction as a "crime of violence." This court later concluded in *Bridges v. United*

*States*, that "Hobbs Act robbery is not a 'crime of violence' as that phrase is currently defined in the Guidelines." 991 F.3d at 797. With this conclusion, this court in *Bridges* agreed with every other circuit court to consider this issue. *See, e.g., United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020); *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018); *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017).

This error was "clear and obvious." Although *Bridges* was decided after Jerry's sentencing, whether an error is "clear and obvious" is determined at the time of appeal, not at the time of sentencing. *See Henderson*, 568 U.S. at 269 ("[A]s long as the error was plain as of that later time—the time of appellate review—the error is plain within the meaning of the Rule.") (internal quotation marks omitted). This is because "plain error review is not a grading system for trial judges," but a way for courts of appeals to identify consequential errors that could affect judicial integrity. *Id.* at 278. Before *Bridges*, whether Hobbs Act robbery was a crime of violence under the Guidelines was an open question in this circuit. *See United States v. Tyler,* 780 F. App'x 360, 363 (7th Cir. 2019). But *Bridges* has settled the law for this court, so we must now conclude that it was a clear and obvious error to classify Hobbs Act robbery as a crime of violence in determining Jerry's career offender status. *See United States v. Clark*, 935 F.3d 558, 571 (7th Cir. 2019) ("An error is 'plain' if the law at the time of appellate review shows clearly that it was an error.") (citing *inter alia Henderson*, 568 U.S. at 279).

We would not have expected the district court to spot this error without aid from the parties, as it involved a complicated application of the sometimes-esoteric categorical approach. *See United States v. Burns*, 843 F.3d 679, 687–88 (7th

Cir. 2016) ("We have never required … that the error be obvious to the district court, only that the error was obvious under the law."). But the rule from *Henderson* is that the "clear and obvious" inquiry takes place at the time of appeal, not during the sentencing hearing. So an error can be "clear and obvious" even when the district court would not be expected to notice and correct it sua sponte. *See, e.g., Burns*, 843 F.3d at 687–88.

That leaves the question whether this clear and obvious error affected Jerry's substantial rights and "seriously impugn[ed] the fairness, integrity, or public reputation of judicial proceedings." *Williams*, 949 F.3d at 1066. A defendant will frequently satisfy the third prong of plain error review in cases involving an incorrect Guidelines calculation because this "error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Without some indication to the contrary, an incorrect Guideline calculation resulting in a higher sentence will "seriously affect the fairness, integrity, or public reputation of judicial proceedings, and thus will warrant relief." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018). But if the district court, as some do, makes clear that the sentence it imposed would be the same absent the Guideline calculation, these prongs of the plain error standard may not be satisfied. *See United States v. Adams*, 746 F.3d 734, 743 (7th Cir. 2014) ("When a district court incorrectly calculates the guideline range, we normally presume the improperly calculated guideline range influenced the judge's choice of sentence, *unless he says otherwise*." (emphasis added)).

Nothing in the record shows that the district court provided reasoning for Jerry's sentence not dependent on the

Guideline calculation. District courts have the independent obligation to consider 18 U.S.C. § 3553(a) factors, along with the Guidelines, to determine whether any sentence is "sufficient, but not greater than necessary." *See, e.g.*, *United States v. Marks*, 864 F.3d 575, 583 (7th Cir. 2017) ("In the end, [the defendant's] extensive criminal history may justify a sentence above the range that applies without the career-offender [enhancement] … but that is a question for the district court."). Although the Guidelines undoubtedly play a large role in sentencing, they are "effectively advisory." *United States v. Booker*, 543 U.S. 220, 245 (2005).

Guided discretion in sentencing allows judges to properly consider many factors, including the defendant as an individual, the crime he committed, the victims of that crime, and the defendant's danger to society. The sentencing judge is "in a superior position to find facts and judge their imports under § 3553(a)" because the district court has "greater familiarity with … the individual case and the individual defendant before him than the Commission or the appeals court." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (cleaned up). The Guidelines provide an important framework for these considerations, but their proper calculation is only a part of the sentencing process. For example, applying the categorical approach ensures that when a district court is evaluating a defendant's criminal history, the Guidelines will not include the factual circumstances that a sentencing judge can address when applying the § 3553(a) factors. *See United States v. Edwards*, 836 F.3d 831, 834–35 (7th Cir. 2016) ("The categorical approach disregards the facts underlying a prior conviction, focusing instead on the statutory definition of the offense."). Judicial discretion and a proper Guideline calculation should work in tandem to produce a balanced sentence.

Jerry committed a robbery with a firearm, but under the categorical approach his crime is not a "crime of violence" under the Guidelines. Jerry was sentenced using an incorrect Guideline range, one substantially higher than that for a non-career offender. With no alternative variance or other contrary indication present in the record, the requirements for plain error have been met. So we REVERSE and REMAND to the district court for resentencing.