[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15413
_____

D.C. Docket No. 0:15-cr-60330-WPD-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


MARLON EASON,

Defendant - Appellant.


_____

No. 16-17796
_____

D.C. Docket No.  0:16-cr-60139-BB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLTON STYLES,

Defendant - Appellant.

_____

No. 18-12848
_____

D.C. Docket No.  1:17-cr-20826-KMW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY LAMOT LAWSON,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 24, 2020)

Before JORDAN, JILL PRYOR and WALKER,[*] Circuit Judges.

JILL PRYOR, Circuit Judge:

These consolidated direct criminal appeals each present the same issue: whether a conviction for Hobbs Act robbery qualifies as a "crime of violence" under the Sentencing Guidelines, U.S.S.G. § 4B1.2(a). After careful review, and with the benefit of oral argument, we conclude that the answer is no. We therefore vacate each defendant's sentence and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

The advisory Sentencing Guidelines contain a sentencing enhancement for a defendant who qualifies as a "career offender." U.S.S.G. § 4B1.1(a). A defendant is a career offender if he meets three criteria: (1) he is at least 18 at the time of the offense of conviction; (2) the "offense of conviction is a felony that is either a crime of violence or a controlled substance offense"; and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* The Guidelines define "crime of violence" to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that either (1) "has an element the use, attempted use, or

---

[*] Honorable John Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

threatened use of physical force against the person of another"—a definition

known as the "elements clause"[1]—or (2) is one of a number of listed offenses in

the "enumerated offenses clause," which includes robbery and extortion. *Id.*

§ 4B1.2(a). In this case, we examine whether a conviction for Hobbs Act robbery

in violation of 18 U.S.C. § 1951(a) satisfies the Guidelines' "crime of violence"

definition under either clause.

> A person commits Hobbs Act robbery when he:
>
> obstructs, delays, or affects commerce or movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a). "Robbery" under the Hobbs Act is defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

Marlon Eason pled guilty to one count of Hobbs Act robbery. Eason had

prior convictions, all in Florida, for strong arm robbery, attempted strong arm

robbery, and resisting an officer with violence. A probation officer classified

---

[1] *See United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017).

4

Eason as a career offender based in part on his Hobbs Act robbery conviction. Eason objected, arguing that his Hobbs Act robbery conviction was not a crime of violence; the district court overruled the objection and sentenced him as a career offender.

The other two defendants' stories are similar. Carlton Styles also pled guilty to one count of Hobbs Act robbery. Based on his previous convictions in Florida for robbery, Styles was classified as a career offender. Although Styles objected to the use of his Hobbs Act robbery conviction as a basis for a career offender enhancement, the district court overruled his objection and sentenced him as a career offender.

A jury found Jeffrey Lawson guilty of, among other offenses, Hobbs Act robbery. Based in part on this conviction, a probation officer classified Lawson as a career offender. Lawson objected to the categorization of his Hobbs Act robbery conviction as a crime of violence under the career offender guideline, but the district court overruled his objection and sentenced him as a career offender.

Eason, Styles, and Lawson each appeal their sentences. This Court consolidated their cases for oral argument.

## II.    DISCUSSION

On appeal the defendants argue that Hobbs Act robbery does not qualify as a crime of violence under U.S.S.G. § 4B1.2(a). Specifically, they argue that because

the offense can be committed by a threat to person *or* property, the statute is too broad to qualify as a crime of violence either under the elements clause or as an enumerated robbery or extortion offense.[2]  The defendants emphasize that every circuit to have squarely addressed this issue has agreed that Hobbs Act robbery is not a crime of violence under § 4B1.2(a).  We agree with the defendants and our sister circuits.[3]

By now our analytical framework for deciding whether an offense qualifies as a crime of violence is familiar.  We apply a categorical approach to answer this question, looking to the statutory definition of the offense rather than at the

---

[2] The Hobbs Act also includes extortion, "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2).  Hobbs Act robbery and Hobbs Act extortion are separate crimes.  *See United States v. St. Hubert*, 909 F.3d 335, 348 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019).  In this opinion we address whether Hobbs Act robbery satisfies the Guidelines' definition of extortion in the enumerated offenses clause; we do not address Hobbs Act extortion.

[3] We review *de novo* whether a prior conviction qualifies as a crime of violence.  *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009).  In addition to cases construing U.S.S.G. § 4B1.2(a), we look to cases analyzing the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2).  *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012).  ACCA, which imposes enhanced punishments based on a defendant's prior "violent felony" convictions, *see* 18 U.S.C. § 924(e)(2), contains an elements clause definition that is identical to the elements clause of U.S.S.G. § 4B1.2(a), as well as a similar enumerated offenses clause.  ACCA cases that apply the categorical approach to particular predicate offenses are "instructive" in career offender cases.  *Romo-Villalobos*, 674 F.3d at 1248.

In addition to their challenges based on their convictions for Hobbs Act robbery, Eason and Styles argue that their Florida robbery convictions do not qualify as crimes of violence.  Eason further argues that his conviction for resisting an officer with violence does not qualify.  We have previously rejected such challenges.  *See Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019) (holding that Florida robbery satisfies ACCA's elements clause); *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015) (holding that resisting an officer with violence, in violation of Florida law, satisfies ACCA's elements clause).

particular facts underlying the defendant's conviction. *See Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017). Applying the framework to this case, we compare the scope of the conduct covered by the elements of Hobbs Act robbery with the definitions of "crime of violence" in U.S.S.G. § 4B1.2(a). "[I]f the statute sweeps more broadly" than the § 4B1.2(a) definition, then any Hobbs Act robbery conviction "cannot count" as a crime of violence. *Descamps v. United States*, 570 U.S. 254, 261 (2013). "Because we examine what [a Hobbs Act robbery] conviction necessarily involved, not the facts underlying [each] case, we must presume that the [defendants'] convictions rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by" the crime of violence definition. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (alterations adopted) (internal quotation marks omitted).

The government defends the defendants' career offender sentences on two grounds. First, the government argues that Hobbs Act robbery satisfies the elements clause definition of crime of violence. Second, the government contends that Hobbs Act robbery qualifies as the enumerated offenses of robbery and extortion. *See United States v. O'Connor*, 874 F.3d 1147, 1150 (10th Cir. 2017) ("Although Mr. O'Connor's underlying conviction was for Hobbs Act *robbery*, we

7

nevertheless must determine whether the conviction could fall within *any* of the enumerated offenses."). We address these arguments in turn.

## 1. The Elements Clause

The government first defends the defendants' career offender enhancements on the ground that Hobbs Act robbery satisfies § 4B1.2(a)'s elements clause. We are unpersuaded.

To apply the categorical approach to the elements clause, we consider whether the Hobbs Act robbery statute criminalizes only conduct that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). By its terms, the Hobbs Act robbery statute—which can be violated with threats of force to "person *or* property," 18 U.S.C. § 1951(b)(1) (emphasis added), is broader than the Guidelines' elements clause definition. Because a person can commit Hobbs Act robbery without using, attempting to use, or threatening to use physical force "against the person of another," Hobbs Act robbery does not satisfy the elements clause. In reaching this conclusion, we join the only two circuit courts that have squarely considered the issue. *See United States v. Camp*, 903 F.3d 594, 600-04 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 845 (2019); *O'Connor*, 874 F.3d at 1153-58.[4]

---

[4] The Ninth Circuit, although construing a state statute that was worded identically to the Hobbs Act robbery statute in all relevant respects, applied the same analysis and reached the

The government nonetheless argues that these circuits ruled incorrectly.  The

government makes three primary arguments, but none holds water.

First, the government argues that because Hobbs Act robbery requires that

property be taken "from the person or in the presence of another, against his will,"

18 U.S.C. § 1951(b)(1), this "proximity to the victim . . . bonds the offense as an

inherently violent act against a person, not merely to property."  *Lawson*

Appellee's Br. at 21; *see United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th

Cir. 2008) (following this logic to conclude that robbery under California Penal

---

same result.  *United States v. Edling*, 895 F.3d 1153, 1157-58 (9th Cir. 2018) (Nevada robbery statute).

The government argues that the Eighth Circuit ruled the opposite way on an indistinguishable statute, 18 U.S.C. § 3559(c)(2)(F)(ii).  *See United States v. House*, 825 F.3d 381 (8th Cir. 2016).  That statute is materially different from U.S.S.G. § 4B1.2(a)(1), however, and *House* is not on point.

Section 3559(c) provides for a mandatory term of life imprisonment when a defendant convicted of a serious violent felony has previously been convicted of at least two "serious violent felonies" or of at least one serious violent felony and one serious drug offense.  18 U.S.C. § 3559(c)(1).  The statute defines "serious violent felony," as relevant to *House* and this appeal, as "any offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another *or* that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."  *Id.* § 3559(c)(2)(F)(ii) (emphasis added).  Although this definition includes an elements clause identical to the one in U.S.S.G. § 4B1.2(a)(1), it *also* includes a catchall (or what we call "residual") clause.  In *House*, the Eighth Circuit held that Hobbs Act robbery "was a 'serious violent felony' under 18 U.S.C. § 3559(c)(2)(F)(ii)," without specifying under which clause the crime qualified.  *House*, 825 F.3d at 386-87.  *House* was based in part on a previous decision, *United States v. Farmer*, 73 F.3d 836 (8th Cir. 1996), which did not hold that Hobbs Act robbery satisfied the elements clause of § 3559(c)(2)(F)(ii) alone.  Rather, *Farmer* relied on *both* the elements and residual clauses to conclude that Hobbs Act robbery satisfied subparagraph (ii).  *Farmer*, 73 F.3d at 842.

Even if *Farmer* and *House* could be construed as supporting the government's argument, we are persuaded by the better-reasoned analyses of the circuits to have addressed the precise question we address today.

9

Code § 211 is a crime of violence under the Guidelines).[5]  The problem with the government's reading is that it excises the words "or property" from the statute, "violat[ing] the well-established rule of statutory construction that we must give effect to every word of a statute when possible." *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1337 (11th Cir. 2011) (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

The entirety of the Hobbs Act robbery definition makes clear that statute does not require proximity between the person from whom the taking occurs and the threat to property:

> [Robbery is] the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or *property of a relative or member of his family* or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).  In addition to the circumstances that rely on proximity between the victim and the threat of force, the statute criminalizes "the unlawful taking or obtaining of personal property from the person or in the presence of another . . . by means of actual or threatened force . . . to . . . the . . . property of a relative or member of his family," with no requirement that

---

[5] The Ninth Circuit disagreed with *Tellez-Martinez*, holding that robbery under California Penal Code § 211 "is not a crime of violence" under the Guidelines. *United States v. Bankston*, 901 F.3d 1100, 1102 (9th Cir. 2018).

the relative or family member be present at the time of the robbery. *Id.* Indeed, the next clause—"or of anyone in [the victim's] company at the time of the taking or obtaining" covers an alternative factual scenario in which another person's property is threatened in proximity to the victim. *Id.* We therefore reject the government's reading of the statute.

Second, the government argues that the defendants must, but have failed to, cite a plausible, real-world example of a Hobbs Act robbery that could be committed without a threat to a person, with only a threat to property. *See United States v. Vail-Bailon*, 868 F.3d 1293, 1306 (11th Cir. 2017) (en banc) ("[T]he need to focus on the least culpable conduct criminalized by a statute is not an invitation to apply legal imagination to the statute." (internal quotations omitted)). The government seizes on language from this Court's decision in *United States v. St. Hubert*, 909 F.3d 335, 350 (11th Cir. 2018), to support this argument. There, the Court held that Hobbs Act robbery satisfies the elements clause in 18 U.S.C. § 924(c). *St. Hubert*, 909 F.3d at 350. Section 924(c)'s elements clause is broader than U.S.S.G. § 4B1.2(a)(1) because it reaches the use, attempted use, or threatened use of force against property. *Compare* 18 U.S.C. § 924(c), *with* U.S.S.G. § 4B1.2(a)(1). "There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of . . . § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G.

11

§ 4B1.2(a)(1), which is limited to force against a person." *O'Connor*, 874 F.3d at 1158.

*St. Hubert* does not support the government's argument that the defendants must "point to a case." Either the text of a statute plainly reaches conduct outside a generic definition, or it does not. In the latter circumstance we require a defendant to "point to his own case or other cases" in which a statute has been applied in the manner for which he argues, but there is no such requirement in the former circumstance. *Bourtzakis v. U.S. Att'y Gen.*, 940 F.3d 616, 620 (11th Cir. 2019) (describing instances "when 'the statutory language itself . . . creates the realistic probability that a state would apply the statute'" in the manner for which the defendant argues as "exception[s] to th[e] rule" that a defendant must point to a case in which the statute applied in that manner (quoting *Ramos v. U.S. Att'y Gen.*, 709 F.3d 1066, 1071-72 (11th Cir. 2013)).

In *St. Hubert* we required the defendant to point to a case in which a court applied the statute in the way he advocated—to robbery with fear of injury without any threat of force—because the statutory language itself did not create the realistic probability that fear of injury could exist without a threat of force. *St. Hubert*, 909 F.3d at 350. Indeed, in *St. Hubert* we acknowledged that Hobbs Act robbery could be committed "by putting the victim in fear of injury . . . to his . . . property" by "threatening to use physical force capable of causing *such* injury," *id.*

12

(emphasis added), meaning *injury to property*.  Given the plain text of the Hobbs Act robbery statute, the defendants here have met their burden to prove the statute's overbreadth without identifying real-world examples.  "Hobbs Act robbery reaches conduct directed at 'property' because the statute specifically says so.  We cannot ignore the statutory text and construct a narrower statute than the plain language supports."  *O'Connor*, 874 F.3d at 1154.

Third, the government argues that the Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), demonstrates that the defendants' argument and the other circuits' holdings are wrong.  Specifically, the government argues that *Stokeling*'s "central rationale" was that "common-law robbery offenses . . . justify enhancement" under the elements clause, and Hobbs Act robbery is a federal codification of common law robbery.  *Lawson* Appellee's Br. at 27-28; *Styles* Appellee's Supp. Br. at 2.  We disagree that *Stokeling* was this expansive.

In *Stokeling*, the Supreme Court considered whether robbery under Florida law qualified as a violent felony under ACCA.  139 S. Ct. at 550.  ACCA contains an elements clause that is identical to the one in U.S.S.G. § 4B1.2(a)(1).  *See* 18 U.S.C. § 924(e)(2)(b)(i); *see supra* note 3.  Robbery under Florida law requires force against a person, but that force can be minimal so long as it is necessary to overcome a victim's resistance.  *See Stokeling*, 139 S. Ct. at 549 (citing Fla. Stat. § 812.13(1); *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997)).  The defendant in

*Stokeling* argued that the force Florida law required was too minimal to satisfy the elements clause. So the Supreme Court was tasked with deciding "whether the 'force' required to commit robbery under Florida law qualifies as 'physical force' for purpose of [ACCA's] elements clause." *Id.* at 550. The Court answered yes. *Id.* at 550-55. The Court explained that at common law an unlawful taking became a robbery if violence was involved. *Id.* at 550. "Violence" at common law "was committed if sufficient force was exerted to overcome the resistance encountered." *Id.* (alteration adopted) (internal quotation marks omitted). This degree of force was the same as what Florida law required; therefore, the Florida statute qualified as a violent felony under ACCA. *Id.* at 554-55.

Stokeling surely stands for the proposition that robbery offenses that require the same degree of force as common law robbery satisfy the "physical force" degree-of-force requirement of ACCA's (or the Guidelines') elements clause. But it does not stand for the broader proposition that any statute encompassing common law robbery necessarily satisfies the elements clause. *Stokeling* rested on the foundation that the Florida robbery statute, like most state robbery statutes, requires the use of force against a person. *See id.* at 552-53. But the Hobbs Act robbery statute, by its express terms, is broader. It includes not only the use of force against a person, but also the use of force against property. Thus, *Stokeling*

14

does not speak to the issue we address today.  Rather, the text of the Hobbs Act robbery statute controls.

By its terms, the Hobbs Act robbery statute may be violated by using, attempting to use, or threatening to use force against a person's property, even when that property is not physically proximate to the robbery victim.  It therefore cannot satisfy U.S.S.G. § 4B1.2(a)'s elements clause, which requires that force be directed at a person.

## 2. Enumerated Robbery and Extortion

Second, and alternatively, the government argues that the defendants' Hobbs Act robbery convictions qualify as crimes of violence because the Hobbs Act robbery statute is coextensive with enumerated robbery and/or extortion.  We disagree.

Applying the categorical approach to enumerated offenses, we compare the elements of Hobbs Act robbery with the elements of "robbery" and "extortion" in the Guidelines.  "[W]e disregard the label" on the crime "and look to whether the conduct necessarily proven as a prerequisite" for the defendant's conviction under the statute is "a natural equivalent to the offense as envisioned by the Guidelines' drafters."  *United States v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011).  If the least of the acts the statute criminalizes satisfies the generic definition of the

offense, then the statute qualifies as the enumerated offense; if not, then the statute does not qualify. *Id.*

The Guidelines define "extortion" as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. § 4B1.2 cmt. n.1. The Guidelines nowhere define robbery. "Where . . . the Guidelines specifically designate a certain offense as a 'crime of violence,'" but do not define the offense, "we compare the elements of the crime of conviction to the generic form of the offense as defined by the States, learned treatises, and the Model Penal Code." *Lockley*, 632 F.3d at 1242. We have defined generic robbery as "the taking of property from another person or from the immediate presence of another person by force or intimidation." *Id.* at 1244 (emphasis omitted) (internal quotation marks omitted). This generic form "involve[s] immediate danger to the person." *Id.* at 1243 (alteration adopted) (internal quotation marks omitted).

Both circuits that have addressed this issue—the Sixth and the Tenth—have held that Hobbs Act robbery does not satisfy either enumerated offense or some combination of both offenses. *See Camp*, 903 F.3d at 600-04; *O'Connor*, 874 F.3d at 1153-58.[6] We agree with them. Hobbs Act robbery is broader than the generic

---

[6] The Third Circuit has reached the same conclusion, albeit in an unpublished, non-binding opinion. *See United States v. Rodriguez*, 770 F. App'x 18, 21-22 (3d Cir. 2019)

16

definition of robbery because, as we discussed above, it can be violated with threats of force to property.  "Hobbs Act robbery reaches conduct directed at 'property' because the statute specifically says so.  We cannot ignore the statutory text and construct a narrower statute than the plain language supports."  *O'Connor*, 874 F.3d at 1154.  And "threats to property alone . . . do not necessarily create a danger to the *person*."  *Camp*, 903 F.3d at 602 (citing *O'Connor*, 874 F.3d at 1155).  Thus, Hobbs Act robbery is not a categorical match for the enumerated offense of robbery.

For the same reasons, we reject the government's argument that despite the inclusion of property in the Hobbs Act robbery statute, the statute criminalizes "substantially" the same conduct as generic robbery.  *Lawson* Appellee's Br. at 34.  The government's reading of the statute would render the word "property" superfluous or insignificant.  We cannot accept this reading.

Our conclusion that the least of the acts the Hobbs Act robbery statute criminalizes falls outside the scope of enumerated robbery "does not end our analysis; we must next determine whether Hobbs Act robbery is a categorical match with the enumerated offense of extortion."  *Camp*, 903 F.3d at 602.  Indeed, the government argues that any portion of the Hobbs Act statute that enumerated

---

(unpublished).  And the Ninth Circuit has agreed, but in the context of two state statutes that are identical in all respects relevant to this appeal to Hobbs Act robbery. *See Edling*, 895 F.3d at 1156-58 (Nevada robbery statute); *Bankston*, 901 F.3d at 1102-04  (California robbery statute).

robbery does not capture is covered by enumerated extortion.  The Guidelines'

definition of extortion— "obtaining something of value from another by the

wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical

injury", U.S.S.G. § 4B1.2 cmt. n.1—was intended to be narrow:

> Consistent with the [Sentencing] Commission's goal of focusing the career offender and related enhancements on the most dangerous offenders, the amendment narrows the generic definition of extortion by limiting the offense to those having an element of force or an element of fear or threats of "physical injury," as opposed to non-violent threats such as injury to reputation.

*See* U.S.S.G. Supp. to App. C, amend. 798, at 131 (Nov. 1, 2016).  Yet "while the

amendment was clearly intended to narrow the generic definition [of extortion] by

excluding reputational threats, it is less obvious whether force against or threats to

property are still included."  *Camp*, 903 F.3d at 603.

We agree with the Sixth Circuit in *Camp* that "the most natural reading of

the text of the definition, particularly its reference to 'physical injury,' is that it

requires that the wrongful use of force, fear, or threats be directed against the

person of another, not property."  *Id.* (internal quotation marks omitted); *see*

*United States v. Edling*, 895 F.3d 1153, 1157-58 (9th Cir. 2018).  The ordinary

meaning of the term "physical injury" "typically means 'bodily injury,' which in

turn is defined as '[p]hysical damage to a person's body.'"  *Camp*, 903 F.3d at 603

(quoting Injury, *Black's Law Dictionary* (10th ed. 2014)).  Moreover, the

Guidelines use "physical injury" to indicate injury to person, and other terms, like

18

"damage" or "destruction," to refer to injury to property. *See, e.g.*, U.S.S.G. § 2C1.1(c)(3) (providing a sentence enhancement for certain bribery offenses if the offense involved "a threat of physical injury or property destruction").[7]

We thus are convinced that the Guidelines' definition of extortion excludes fear or threats of harm to property and that, because Hobbs Act robbery can be committed by a threat to property alone, it does not satisfy that definition. Having also concluded that Hobbs Act robbery is not generic robbery—and therefore not enumerated robbery—we hold that Hobbs Act robbery does not qualify as an enumerated crime of violence.

\*        \*        \*

"As a concluding point," the government notes that the Commission has proposed amending the "crime of violence" definition to include Hobbs Act robbery. *Lawson* Appellee's Br. at 47. The government argues that proposed amendment reflects that the career offender guideline was designed to punish harshly repeat violent offenders like those who commit robbery and that the United States Sentencing Commission has long viewed Hobbs Act robbery as a crime of violence. Thus, the government says, the proposed amendment should "lessen[]

---

[7] The Guidelines also often use "bodily injury" to refer to an injury to a person, *see, e.g.*, U.S.S.G. § 1B1.1, cmt. 1(B) (defining "bodily injury," a term "frequently" used in the Guidelines); *id.* § 2B3.1(b)(3)(A) (providing a sentence enhancement when a robbery victim sustains "bodily injury"), but that fact only further supports our reading given that *Black's Law Dictionary* equates "physical injury" with "bodily injury."

19

any potential hesitance in opening a 'circuit split.'" *Id.* Granting the government everything it says about the need for the amendment, we nevertheless must stick to the plain text of the Hobbs Act robbery statute and the Guidelines.

We readily acknowledge that the career offender guideline was designed to punish harshly repeat offenders and that Hobbs Act robbery historically has fallen within the "crime of violence" definition. But we must bear in mind that until the 2016 amendments to the Guidelines, "crime of violence" was defined in three ways—the elements clause, the enumerated offenses, *and* a so-called "residual clause," capturing any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (amended 2016). The residual clause easily encompassed offenses like Hobbs Act robbery. But since the residual clause was removed from the Guidelines in 2016, the "crime of violence" definition no longer captures Hobbs Act robbery. *See* 83 Fed. Reg. 65400, at *65400, 65411-12 (Dec. 20, 2018) (discussing the "concern that . . . Hobbs Act robbery . . . no longer constitute[s] a 'crime of violence' under § 4B1.2, as amended in 2016 . . . .").

The Commission can change the Guidelines to recapture Hobbs Act robbery. In fact, it appears to be in the process of doing so. *See id.* (proposing amendment to career offender guideline to include Hobbs Act robbery by name or, alternatively, to precisely "mirror the robbery definition at 18 U.S.C.

20

§ 1951(b)(1)"). Until then, we must read the statute as it is written and interpret the Guidelines as they currently exist. We decline the government's invitation to create a circuit split merely to anticipate a change that the Commission, fully capable of doing so, has not yet made.

## III.    CONCLUSION

Hobbs Act robbery does not qualify as a crime of violence under the current version of U.S.S.G. § 4B1.2(a). A conviction for Hobbs Act robbery therefore cannot serve as a predicate for a career offender sentencing enhancement. Since each of the defendants' sentences was driven by his career offender status,[8] we vacate the defendants' sentences and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[8] The government argues that any error in Lawson's sentence was harmless because the district court varied downward from the guidelines range that resulted from imposition of the career offender enhancement. But the district court never "state[d] on the record" that "the enhancement made no difference to the sentence it imposed." *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006). Even so, the government argues that the district court's statement that a guidelines-range sentence was inappropriate under the circumstances suffices to satisfy *Keene*. We cannot agree. The district court did not "clearly state[] that [it] would impose the same sentence" regardless of Lawson's status as a career offender, so *Keene*'s harmless-error analysis does not apply. *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009) (citing *Keene*, 470 F.3d at 1349). We note that nothing in our opinion prevents the district court from imposing the same sentence on remand.