[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10200
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00169-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK D. CUMMINGS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2020)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Patrick Cummings was convicted of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(3), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  He appeals his § 924(c) conviction and his sentence, which was enhanced under the "career offender" provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1.  After careful review, we affirm Cummings's § 924(c) conviction but vacate his sentence and remand for further proceedings consistent with this opinion.

Cummings was charged with one count of Hobbs Act robbery (Count 1), and one count of brandishing a firearm during a crime of violence—the robbery (Count 2).  Although he initially pled guilty to both charges, the district court permitted him to withdraw his plea on Count 2 when he argued that Hobbs Act robbery did not qualify as a "crime of violence" under § 924(c).  The district court thereafter rejected Cummings's argument.  Cummings proceeded to a bench trial on Count 2 and was convicted.

The probation office prepared a presentence investigation report ("PSR"), which classified Cummings as a career offender under U.S.S.G. § 4B1.1.  A defendant is a career offender if he is at least 18 years old, the offense of conviction "is a felony that is either a crime of violence or a controlled substance offense," and the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  The

2

PSR classified Cummings as a career offender based on his Count 1 Hobbs Act robbery conviction qualifying as a crime of violence and based on two prior convictions that the PSR deemed crimes of violence.[1]  Cummings did not object to the use of his Hobbs Act robbery conviction to enhance his sentence.  The district court applied the career offender enhancement and sentenced Cummings to 240 months' imprisonment on Count 1 and a consecutive 84-month sentence on Count 2.  Cummings has appealed.

On appeal Cummings challenges his conviction and sentence.  He first argues that his conviction under § 924(c) should be vacated because Hobbs Act robbery does not qualify as a "crime of violence" under that statute's definition.  This Court, however, has held that Hobbs Act robbery categorically satisfies § 924(c)'s definition.  *United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018).  We are bound to follow *St. Hubert* unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court.  *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).  We therefore affirm Cummings's conviction.

Second, Cummings challenges his sentence, arguing that Hobbs Act robbery does not qualify as a "crime of violence" under the definition in the career offender

---

[1] Because we hold that the district court erred in applying the career offender enhancement, we need not address Cummings's argument that one of his prior convictions, for aggravated assault under Florida law, also does not satisfy the "crime of violence" definition.

3

guideline, U.S.S.G. § 4B1.2(a).  This definition is distinct from the one in § 924(c).  *See United States v. Eason, et al.*, No. 16-15413, 16-17796, 18-12848 953 F.3d 1184, 2020 WL 1429110, *4 (11th Cir. Mar. 24, 2020) (explaining that *St. Hubert* is not binding in the guidelines context because § 924(c)'s "crime of violence" definition is different from the one in the career offender guideline).  Because Cummings makes this argument for the first time on appeal, it is subject to plain error review, meaning he must show (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732 (1993).  "[W]hether a legal question was settled or unsettled at the time of trial, it is enough that an error be 'plain' at the time of appellate consideration for the second part of the four-part *Olano* test to be satisfied."  *Henderson v. United States*, 568 U.S. 266, 279 (2013) (internal quotation marks and alterations omitted).

While Cummings's case was pending on appeal, this Court held that Hobbs Act robbery is not crime of violence under the career offender guideline.  *Eason*, 2020 WL 1429110, *2.  Thus, Cummings has shown an error that is plain.  *See Henderson*, 568 U.S. at 279.  Because the error rendered Cummings eligible for the career offender enhancement, it affected his substantial rights.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2018).  And such an error seriously affects the fairness, integrity, and public reputation of judicial

4

proceedings.  *See Olano*, 507 U.S. at 732, 736-37; *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018) ("In the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings.").  Since he has satisfied the test set forth in *Olano*, we vacate Cummings's career-offender-enhanced sentence.

**AFFIRMED IN PART, VACATED IN PART, REMANDED.**