[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12421
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60330-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON EASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 2, 2021)

Before JILL PRYOR, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Marlon Eason appeals his sentence of 175 months' imprisonment for Hobbs Act robbery, 18 U.S.C. § 1951(a), which was reimposed at his resentencing. Eason's original 175-month sentence was vacated after he successfully challenged his designation as a career offender. Eason argues that the district court abused its discretion on remand by varying upward from his new guidelines range and reimposing the same sentence. He asserts that the district court did not adequately explain the sentence and improperly relied on his criminal history in imposing an upward variance. After careful consideration, we affirm.

## I.    BACKGROUND

Marlon Eason pled guilty to one count of Hobbs Act robbery. Eason had several prior convictions, all in Florida, including convictions for strong arm robbery, attempted strong arm robbery, and resisting an officer with violence. Prior to his original sentencing, a probation officer classified Eason as a career offender based in part on the conclusion that his Hobbs Act robbery was a crime of violence. Eason objected; the district court overruled the objection and sentenced him as a career offender. He received a sentence of 175 months' imprisonment. Eason appealed his sentence. We held that the district court erred in sentencing him as a career offender because Hobbs Act robbery did not qualify as a crime of violence. *United States v. Eason*, 953 F.3d 1184, 1195–96 (11th Cir. 2020). The sentence was vacated, and the case was remanded for resentencing. *Id.*

2

At Eason's resentencing, the district court asked if either party wanted to request an updated presentence investigation report. Both parties declined but noted that Eason had been convicted of two non-violent crimes since his original sentencing. The district court calculated Eason's new offense level as 22 and his criminal history category as VI, which resulted in a sentencing range of 84 to 105 months. The government requested an upward variance to 175 months because of Eason's criminal history, the nature of his offense, and his likelihood of recidivism, and the need to promote respect for the rule of law. Eason asked for a sentence within the guidelines range, noting that he was no longer a career offender and arguing he was less culpable than his coconspirator, who had received 180 months' imprisonment. Eason also maintained that his personal background, including that his 10-year-old son was killed in a drive by shooting right before the crime, mitigated the seriousness of his offense.

The district court then examined the record from Eason's previous sentencing hearing. It noted that most of the mitigating and aggravating factors remained the same, save the fact that Eason now had two additional criminal convictions. It went on to discuss Eason's criminal history, stating that "there is just a pattern of Mr. Eason taking things that aren't his; and when he's caught, not cooperating." Doc. 146 at 11.[1] The district court acknowledged that Eason was no

---

[1] "Doc." numbers refer to the district court's docket entries.

longer a career offender but stated that it could "disagree with the sentencing guidelines [about] . . . whether or not someone is a recidivist." *Id.* at 12. It then sentenced Eason to 175 months' imprisonment—the same as his previous sentence. In levying the sentence, the district court noted that it had "taken into account the lower sentences that some of the codefendants got." *Id.* at 13–14.

Eason objected, arguing that the sentence was unreasonable because the district court "failed to consider all of the 3553(a) factors" and focused too heavily on "the first factor regarding the nature and circumstance of the offense and history and characteristics of the defendant."[2] *Id.* at 15. The district court overruled the objection, finding that "an upward variance [was] necessary to promote respect for the law, act as a deterrent, and to stop Mr. Eason from stealing from people and then fleeing from the police in a dangerous manner." *Id.* at 15–16. The district court followed the hearing with an order in which it further explained its reasoning for the upward variance. In the order, the court stated that, among other things, the

---

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. These purposes include the need to: reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from the defendant's future criminal conduct, and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

nature and circumstances of this conviction and Eason's other convictions, as well as the need for deterrence, "warrant[ed] the extent of the variance." Doc. 137 at 1.

This is Eason's appeal.

## II.    STANDARD OF REVIEW

"To be upheld on appeal, a sentence must be both procedurally and substantively reasonable." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it: (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The party challenging the sentence bears the burden of showing it is unreasonable. *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).

## III.    DISCUSSION

On appeal, Eason argues that the district court abused its discretion because it did not sufficiently explain its reasoning for varying upward, and it failed to adequately consider all of the § 3553(a) factors. We address these arguments in turn.

Eason's argument that the district court did not provide sufficient justification for its upward variance sounds in procedural reasonableness. A district court commits a significant procedural error if it fails "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. The district court must give an explanation that is sufficient to allow for "meaningful appellate review." *Id*. at 50.

Here, the district court adequately explained its reasons for varying upward. It stated that it had considered Eason's troubled past, as well as his son's tragic death, but believed that Eason's criminal record, as well as the seriousness of this offense, outweighed those mitigating circumstances. The court also noted that it had taken into account the sentences given to Eason's coconspirators and the need to provide adequate deterrence, promote the respect for the rule of law, and protect the public and police from future crimes. Because the district court's explanation is sufficient to allow for meaningful appellate review, there was no procedural error.

Eason's argument that the district court did not properly consider the § 3553(a) factors sounds in substantive reasonableness. When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir.

2008).  "We will not second guess the weight (or lack thereof), that [a district court] accorded to a given factor under § 3553(a) as long as the sentence is reasonable, in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (internal quotation marks omitted) (alterations adopted).  We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). We may not set aside a sentence "merely because we would have decided that another one is more appropriate." *Id.* at 1191.

Eason argues that, in weighing the § 3553(a) factors, the district court placed too much weight on one factor—his history and characteristics—and failed to give meaningful consideration to the others.[3]  We agree with Eason that "a district court's unjustified reliance on any one § 3553(a) factor" may be indicative of an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotation marks omitted) (alteration adopted).  But "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the

---

[3] As part of his argument that the district court improperly relied on his previous criminal history, Eason maintains that the district court ignored our ruling that he was no longer a career offender.  This is inaccurate.  The district court acknowledged that Eason was no longer a career offender and recalculated his guidelines score accordingly.  The court then based its sentence on Eason's criminal history and other § 3553(a) factors, rather than whether he was a career offender as defined by the Sentencing Guidelines.

7

defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015). Eason maintains that the district court's reliance on his criminal history was unreasonable because it "had already been appropriately accounted for in the calculation of the advisory guidelines." Appellant's Br. at 12. However, "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Rosales-Bruno*, at 1263; *see also United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012) (concluding that it was not an error of judgment to give "great weight" to the defendant's "substantial criminal history").

We cannot say that the district court unjustifiably relied on one factor here. True, in imposing an upward variance, the district court gave great weight to Eason's criminal history. Although Eason's asserts that the district court's focus on his criminal history means that it gave weight to only one § 3553(a) factor—his history and circumstances—his criminal history was relevant to other § 3553(a) factors including the need to: promote respect for the law, provide adequate deterrence, and protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Indeed, the record shows that the district court expressly considered each of these § 3553(a) factors when it imposed the upward variance. In addition, the court imposed a sentence that was below the statutory maximum of 20 years, which is indicative of reasonableness. *United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006).

Eason's 175-month sentence was within the bounds of the district court's substantial sentencing discretion and thus reasonable.  *See Gall*, 552 U.S. at 51.

## IV.  CONCLUSION

For the foregoing reasons, we affirm Eason's sentence.

**AFFIRMED.**