[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12831

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VINCENT KEITH RAINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:04-cr-00028-AW-GRJ-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Vincent Raines, a federal prisoner proceeding *pro se*, appeals the district court's orders denying two of his motions. Raines argues on appeal that the district court erred when it denied his motion seeking a reduction in his sentence based on § 404(b) of the First Step Act and his motion seeking compassionate release. For the reasons set forth below, we vacate the district order denying Raines's motion seeking a reduction based on § 404(b) of the First Step Act and remand for further proceedings, and we dismiss the portion of appeal challenging the district court's denial of Raines's motion seeking compassionate release.

I.

In 2005, Raines pled guilty to one count of conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing crack cocaine. *See* 21 U.S.C. § 841(a)(1). Because of the drug quantity and Raines's prior felony convictions, he faced a mandatory life sentence. Before sentencing, the government filed a motion to permit the court to impose a sentence below the mandatory life sentence.

Before the sentencing hearing, a probation officer prepared a presentence investigation report ("PSR"). The PSR found that Raines qualified as a career offender under the Sentencing Guidelines and calculated Raines's guidelines range as 262 to 327 months'

imprisonment. The district court adopted the PSR's calculations and sentenced Raines to 294 months' imprisonment.

After Raines began to serve his sentence, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. See Pub. L. No. 111-220, 124 Stat. 2372 (2010); see also Kimbrough v. United States, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. See Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. Dorsey v. United States, 567 U.S. 260, 264 (2012).

Later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gave district courts discretion to apply retroactively the Fair Sentencing Act's reduced statutory penalties for crack-cocaine offenses to defendants who were sentenced before the Fair Sentencing Act went into effect. United States v. Clowers, No. 20-13074, __ F.4th __, 2023 WL 2484795, at *1 (11th Cir. Mar. 14, 2023).

In 2019, Raines filed a motion for a sentence reduction under § 404 of the First Step Act. He argued that he was eligible for a sentence reduction under the First Step Act because the Fair

Sentencing Act changed the statutory penalty range for his offense. He urged the court to exercise its discretion to award him a reduction and argued that he had been rehabilitated while incarcerated. He also asked the court to consider other intervening changes, including Raines's claim that he would no longer qualify as a career offender.

About 18 months later and while his motion seeking a sentence reduction based on § 404 remained pending, Raines filed a motion for compassionate release. He requested a sentence reduction because he suffered from underlying health conditions that put him at a greater risk of developing severe health consequences if he contracted COVID-19.

In December 2020, the district court entered an order addressing both motions. As to the motion seeking a sentence reduction under § 404 of the First Step Act, the district court found that Raines was eligible for a sentence reduction. But it deferred deciding whether to exercise its discretion and award a sentence reduction. It directed the government to file a response addressing that issue.

Regarding Raines's motion seeking compassionate release, the district court concluded that Raines was ineligible for a sentence reduction. The court explained that to be eligible Raines had to show that "extraordinary and compelling reasons" supported a sentence reduction. Doc. 196 at 7 (internal quotation marks

omitted).[1] And the court concluded that Raines failed to make such a showing.

After the court entered this order, the government submitted its response to Raines's § 404 motion. The government took no position on whether the court should award a sentence reduction. It identified several factors that could counsel against a sentence reduction, including the quantity of drugs involved in Raines's offense and the serious nature of Raines's criminal history, which included two incidents in which he pointed a gun at a victim's head. The government also argued that even given intervening changes in the law, Raines still qualified as a career offender.

But the government acknowledged that other factors counseled in favor of a sentence reduction. It noted that Raines completed over 1,200 hours of educational, exercise, and vocational courses while incarcerated. And it noted that during his lengthy incarceration, he had only three disciplinary incidents with no incidents in the past ten years. The government requested that if Raines received a sentence reduction his sentence be at least 262 months, which was at the bottom of the applicable guidelines range given his career offender status.

After reviewing the government's response, the district court entered an order denying Raines's motion for relief under the First Step Act. The district court declined to exercise its discretion

---

[1] "Doc." numbers refer to the district court's docket entries.

after considering the 18 U.S.C. § 3553(a) factors.[2] The court acknowledged there were "mitigating considerations" and cited evidence of Raines's rehabilitation while he was incarcerated. Doc. 199 at 1. But the court ultimately found that other factors, including the amount of crack cocaine involved in the offense and Raines's criminal history, weighed against awarding a reduction. In its order, the court expressly found that "even if Raines were sentenced today," he still would qualify as a career offender and his guidelines range would remain at 262 to 327 months. Doc. 199 at 2. Because Raines's current sentence remained within the applicable guidelines range, the court declined to exercise its discretion.

This is Raines's appeal.

II.

---

[2] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

We review for an abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (internal quotation marks omitted).

We review *de novo* whether a defendant is eligible for a sentence reduction based on compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).

We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

### III.

Raines argues on appeal that the district court erred when it declined to exercise its discretion to reduce his sentence under § 404(b) of the First Step Act and found that he was ineligible for compassionate release. We address each issue in turn.

### A.

We begin with Raines's argument that the district court erred in declining to award him a sentence reduction under § 404 of the First Step Act.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c). Section 404 of the First Step Act authorizes district courts to exercise their discretion and apply retroactively the reduced statutory penalties for crack-cocaine offenses set forth in the Fair Sentencing Act of 2010. *See Clowers*, 2023 WL 2484795, at *1. In deciding whether to exercise the discretion to award eligible defendants sentence reductions under § 404, district courts must "consider intervening changes when parties raise them." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). Still, nothing in § 404 "require[s] a court to reduce any sentence." *Id.* at 2404 (internal quotation marks omitted). In ruling on § 404 motions, district courts bear the standard obligation to explain their decisions, and accordingly must give a "brief statement of reasons" to "demonstrate that they considered the parties' arguments." *Id.*

Here, we liberally construe Raines's § 404 motion as arguing that the district court should exercise its discretion to reduce his sentence because of intervening changes that occurred after Raines's sentencing, including that because of intervening changes he would no longer qualify as a career offender if he were

21-12831                Opinion of the Court                        9

sentenced today. Under the Supreme Court's decision in *Concepcion*, the district court was required to consider this argument. *See id.*

The district court made a legal error in rejecting Raines's argument regarding his career offender status. The district court concluded that Raines would still qualify as a career offender if he were sentenced today. We disagree.

Intervening changes in the law make clear that Raines would not qualify as a career offender if he were sentenced today. The Sentencing Guidelines explain that for a defendant to qualify as a career offender, a district court must find, among other things, that the defendant's "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S. Sent'g Guidelines Manual § 4B1.1 (U.S. Sent'g Comm'n 2018). For purposes of the career-offender guideline, a "controlled substance offense" is an

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2. Our recent decision in *United States v. Dupree* makes clear that Raines's offense in this case—conspiracy to distribute a

controlled substance—does not qualify as a "controlled substance offense" under the career offender guideline. 57 F.4th 1269, 1280 (11th Cir. 2023) (en banc). As a result, if Raines were sentenced today, he would not receive a career-offender enhancement. We thus conclude that the district court made a legal error.

The government argues that the district court's error was harmless. A sentencing error is harmless when we "know with certainty beyond a reasonable doubt what the district court would do upon remand." *United States v. Robles*, 408 F.3d 1324, 1327–28 (11th Cir. 2005). An error in classifying a defendant as a career offender is harmless when the district court "clearly state[s]" that it would reach the same conclusion "regardless of the [defendant's] status as a career offender." *United States v. Eason*, 953 F.3d 1184, 1195 n.8 (11th Cir. 2020) (internal quotation marks omitted),

The government says that the portion of the district court's order weighing the § 3553(a) factors demonstrates that on remand the district court would again deny Raines's motion. But after carefully reviewing the district court's order, we cannot say that we "know with certainty beyond a reasonable doubt" that the district court would reach this conclusion. *Robles*, 408 F.3d at 1327–28. In its order, the district court never "clearly state[d]" that it would decline to exercise its discretion "regardless of [Raines's] status as a career offender." *Eason*, 953 F.3d at 1195 n.8 (internal quotation marks omitted). Indeed, nothing in the section of the order addressing the § 3553(a) factors indicates that the court assumed Raines

would no longer qualify a career offender. We thus must reject the government's harmlessness argument.

Given the district court's error, we vacate the order denying Raines's motion for a sentence reduction under § 404 of the First Step Act. We remand the case so that the district court may address in the first instance whether to exercise its discretion in light of the fact that Raines would not qualify as a career offender if he were sentenced today. We express no opinion about whether, given this intervening change in the law, the district court should exercise its discretion to award a sentence reduction.

### B.

We now turn to Raines's argument that the district court erred in denying his motion for compassionate release.

A statute authorizes a district court to reduce a defendant's sentence when: (1) there are "extraordinary and compelling reasons" for a reduction, (2) the factors set forth at 18 U.S.C. § 3553(a) favor a reduction, and (3) awarding a reduction is consistent with the policy statement set forth in § 1B1.13 of the Sentencing Guidelines. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see* 18 U.S.C. § 3582(c)(1)(A). If the district court finds that the defendant failed to satisfy any one of these requirements, it cannot grant relief and need not analyze the other requirements. *Tinker*, 14 F.4th at 1238.

Raines argues on appeal that the district court erred when it found he was ineligible for a sentence reduction under

§ 3582(c)(1)(A) and thus denied his motion for compassionate release. The government argues that this portion of the appeal should be dismissed because it is untimely.[3] We agree with the government.

Under the Federal Rules of Appellate Practice, Raines was required to file a notice of appeal "within 14 days" of the entry of the order denying his motion for compassionate release. Fed. R. App. P. 4(b)(1). Although the district court entered its order denying Raines's motion for compassionate release in December 2020, Raines did not file his notice of appeal until August 2021, approximately eight months later. Raines's appeal of the order denying his motion for compassionate release therefore was untimely, and we dismiss the portion of his appeal challenging that order.

IV.

For the above, we vacate the district court's order denying Raines's motion for a sentence reduction under § 404 of the First Step Act and remand for further proceedings. We dismiss the portion of this appeal seeking to challenge the district court's order denying Raines's motion for compassionate release.

---

[3] The government also argues that we lack jurisdiction over this portion of Raines's appeal because he did not identify the district court's order denying his motion for compassionate release in his notice of appeal. But his notice of appeal, liberally construed, evinces an intent to appeal the denial of his motion seeking a sentence reduction under § 404 of the First Step Act as well as the denial of his motion seeking compassionate release.

21-12831                Opinion of the Court                13

**VACATED** and **REMANDED** in part, **DISMISSED** in part.