[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10688

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:08-cr-21104-DMM-14,
1:19-cr-20708-DPG-1

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jonathan Daniels appeals his 24-month sentence imposed pursuant to the revocation of his supervised release for violating conditions of release by committing Hobbs Act robbery. Daniels argues that the district court plainly erred by failing to calculate or consider the applicable guideline range before imposing his sentence. He also argues that even if the district court did consider his guideline range by referencing the revocation report prepared by a probation officer, the district court nonetheless plainly erred because the guideline range provided in the revocation report was incorrectly predicated on the categorization of Daniels's violations as Grade A violations. After careful review, we vacate and remand for resentencing.

## I.

We ordinarily review a district court's revocation of supervised release for abuse of discretion and the sentence imposed following a revocation for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). However, we review sentencing issues raised for the first time on appeal for plain error. *Id*. Under plain-error review, a defendant challenging their sentence must demonstrate: (1) that the district court erred; (2) that the error was "plain"; (3) that the error affected the defendant's substantial rights; and (4) that "the error seriously affect[ed] the fairness, integrity, or

public reputation of judicial proceedings." *Id.* (quotation marks omitted).

A district court's failure to calculate, or miscalculation of, the sentencing guideline range constitutes "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). This type of error ordinarily requires relief even on plain error review. *See Rosales-Mireles v. United States*, 585 U.S. 129, 134, 139-142, 145 (2018).

Prior to imposing a revocation sentence, a district court is required to consider the sentencing range established under the Guidelines. *United States v. Campbell*, 473 F.3d 1345, 1348-49 (11th Cir. 2007). "[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing *range* established under the Guidelines." *Id.* at 1349 (emphasis in original) (quotation marks and citations omitted).

In *Campbell*, we concluded that a district court erred because it "never explicitly mentioned" a defendant's "Guidelines range during the revocation hearing," "never said the word 'Guidelines' during the entire hearing," and "never mentioned the criminal classification of the crime for which [the defendant's] supervised release was revoked." *Id.* Accordingly, we reversed and remanded because the district court's reasoning was inadequate to determine whether the district court had correctly applied and interpreted the

Guidelines to calculate the appropriate advisory Guideline range. *Id.*

Here, we conclude that the district court plainly erred by failing to properly consider Daniels's applicable guideline range before imposing his sentence. *See Campbell*, 473 F.3d at 1349; *Vandergrift*, 754 F.3d at 1307. The district court's passing reference to the report prepared by a probation officer for the revocation hearing was insufficient to demonstrate that the district court actually considered the guideline range calculated therein, and the district court did not otherwise reference the Guidelines at all. *See Campbell*, 473 F.3d at 1349. Such opaque reasoning makes it impossible to determine if the district court correctly interpreted and applied the Guidelines to Daniels's sentence, resulting in a procedural error that is sufficiently plain and "significant" to warrant redress. *See Campbell*, 473 F.3d at 1349; *Gall*, 552 U.S. at 51; *Rosales-Mireles*, 585 U.S. at 134, 139-142, 145.

## II.

We review for plain error procedural sentencing issues raised for the first time on appeal. *Vandergrift*, 754 F.3d at 1307.

In calculating the guideline range for a sentence upon revocation of supervised release, the district court considers the grade-level classification of the revocation-provoking conduct, the defendant's criminal history at the time of the underlying offense, and the class of the underlying offense. *Campbell*, 473 F.3d at 1348-49; U.S.S.G. §§ 7B1.1, 7B1.4. Where there is more than one violation of the conditions of supervised release, the grade of the

violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b).

A Grade A violation is conduct constituting any federal, state, or local offense punishable by more than one year of imprisonment that is: (1) a crime of violence, (2) a controlled substance offense, or (3) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or that is punishable by a term of imprisonment exceeding 20 years. *Id.* § 7B1.1(a)(1). A "crime of violence" for the purposes of § 7B1.1(a)(1) is defined in § 4B1.2. *Id.*, comment. (n.2). A Grade B violation is conduct constituting any other federal, state, or local offense punishable by more than one year of imprisonment, other than Grade A violations. *Id.* § 7B1.1(a)(2). For a defendant with a Grade A violation and a criminal history category of IV, the guideline range is 24-30 months. *Id.* § 7B1.4(a). For a defendant with a Grade B violation and a criminal history category of IV, the guideline range is 12-18 months. *Id.*

Hobbs Act robbery is not a crime of violence within the meaning of U.S.S.G. § 4B1.2(a). *United States v. Eason*, 953 F.3d 1184, 1187, 1194-95 (11th Cir. 2020).

Ordinarily, a district court's miscalculation of the sentencing guideline range itself satisfies each prong of the plain error standard, regardless of the actual sentence imposed. *See Rosales-Mireles*, 585 U.S. at 139-42, 145. The Supreme Court has recognized that "Guidelines miscalculations ultimately result from judicial error." *Id.* at 140. Such an error "resulting in a higher range than the

Guidelines provide usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than necessary to fulfill the purposes of incarceration." *Id.* at 139 (quotation marks omitted). In other words, such error is plain and affects a defendant's substantial rights. *Id.* "[T]he failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 145.

Here, even if the district court adequately considered the guideline range contained in the revocation report, the district court plainly erred in relying upon it because the guideline range was incorrectly calculated. *See Rosales-Mireles*, 585 U.S. at 139, 145. The revocation report stated that Daniels's violations were Grade A violations because Hobbs Act robberies were crimes of violence, but as we held in *Eason*, Hobbs Act robberies are not crimes of violence for Guidelines purposes. *See* 953 F.3d at 1187, 1194-95. Daniels's violations should have been classified as Grade B violations because they did not satisfy any of the criteria listed in § 7B1.1(a)(1), which would have yielded a guideline range of 12 to 18 months, rather than the range of 24 months. *See* U.S.S.G. §§ 7B1.1(a)(1)-(2), 7B1.4(a). In the absence of any indication that the district court would have imposed a sentence of 24 months regardless of the guideline range, the district court plainly erred in relying on an erroneous guideline range, *see Rosales-Mireles*, 585 U.S. at 139-42, 145, and we thus vacate and remand for resentencing.

**VACATED AND REMANDED.**