[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14360

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

*versus*

MALCOM ANWAR WILLIAMS,

                                             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60120-KAM-2

_____

Before BRANCH, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Malcolm Williams, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).   He argues that, after the enactment of the First Step Act, district courts are not bound by the definition of extraordinary and compelling reasons in U.S.S.G. § 1B1.13 and independently may determine whether there are extraordinary and compelling reasons other than those listed.   He maintains that such reasons are present in his case, citing a change in the law and the resentencing of his codefendants.   After review, we affirm.

## I.    Background

Williams pleaded guilty in 2015 to Hobbs Act robbery pursuant to a written plea agreement, which contained a sentence-appeal waiver.   At sentencing, Williams was deemed a career offender under U.S.S.G. 4B1.2(a) on the basis that the Hobbs Act robbery conviction qualified as a "crime of violence," and Williams had two prior state offenses that qualified as either a crime of violence or a controlled substance offense.[1]   Williams did not

---

[1] At the time of Williams's sentencing, the Sentencing Guidelines provided that a defendant was a career offender if (1) he was at least 18 years' old when he committed the instant offense, (2) the instant offense was "either a crime of violence or a controlled substance offense," and (3) the defendant had two prior felony convictions for "either a crime of violence or a controlled

object to his career-offender designation. The district court imposed a sentence of 151 months' imprisonment. Williams did not appeal. Two of his codefendants did, however, and successfully challenged their respective career-offender enhancements on the basis that Hobbs Act robbery is not a crime of violence under the Guidelines. *See United States v. Eason*, 953 F.3d 1184, 1187 (11th Cir. 2020).

In 2020, Williams filed a *pro se* 18 U.S.C. § 3582(c) motion seeking a sentence reduction based on "extraordinary and compelling reasons," namely, that (1) Hobbs Act robbery is no longer considered a "crime of violence" due to an amendment to the crime of violence definition in the Guidelines; (2) two of his codefendants had their career-offender designations based on Hobbs Act robbery vacated on appeal; and (3) one of his state convictions should not have counted as a predicate offense for

---

substance offense." U.S.S.G. § 4B1.1(a) (2014). "Crime of violence" was defined as:

> any offense . . . punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a) (2014).

purposes of the career-offender enhancement. The government opposed the motion.

The district court denied the motion, concluding that it lacked authority to reduce Williams's sentence because a change in law did not constitute an extraordinary and compelling reason to reduce a sentence. Furthermore, it explained that, even if it had the authority to reduce his sentence, consideration of the 18 U.S.C. § 3553(a) factors weighed against a reduction. Finally, the district court noted that releasing him early would be inconsistent with the policy statements in U.S.S.G. § 1B1.13 because Williams presented a danger to the community. This appeal followed.

## II.    Discussion

We review *de novo* a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). If a defendant is eligible for relief, we review the district court's decision to grant or deny relief for an abuse of discretion. *Id.*; *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). "The 'applicable policy statement[ ]' to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13). Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *Id.* (quotation marks omitted). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 cmt. (n.1); *see also Bryant*, 996 F.3d at 1247, 1262–63. Pursuant to this definition, there are four circumstances under which "extraordinary and

compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)).

Contrary to Williams's argument on appeal, we have held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in 1B1.13." *Bryant*, 996 F.3d at 1262. Furthermore, we have held that although the catchall "other" extraordinary and compelling reasons provision set forth in Application Note 1(D) gives discretion to the Director of the BOP to identify other qualifying reasons, it "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248. Accordingly, because the BOP did not determine that other extraordinary and

compelling reasons existed in Williams's case, he was eligible for relief only if his asserted reasons fell within the reasons identified as "extraordinary and compelling" in subsections (A) through (C) of Application Note 1 to U.S.S.G § 1B1.13, which they did not.[2] *See Bryant*, 996 F.3d at 1264–65. Consequently, the district court did not err in denying his motion.[3]

    **AFFIRMED.**

---

[2] Furthermore, notwithstanding our *Bryant* decision, Application Note 1(D) does not create an escape hatch from the normal federal post-conviction relief procedures for collaterally attacking a sentence via a motion to vacate, correct, or set aside sentence, pursuant to 28 U.S.C. § 2255. Williams already filed a § 2255 motion and cannot use § 3582(c) to circumvent § 2255's procedural hurdles.

[3] We also note that Williams does not challenge the district court's determination that the § 3553(a) factors did not weigh in favor of a reduction or that he posed a danger to the community if released early. Thus, notwithstanding our holding concerning the extraordinary and compelling reasons factor, the district court's judgment is also due to be affirmed on these alternative grounds. *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) ("[W]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").